**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9174 PA (AGRx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | Terry Spahr v. Amco Ins. Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER TO SHOW CAUSE

     Before the Court is a Notice of Removal filed by defendants Amco Insurance Company ("Amco") and Allied Insurance ("Allied") on December 14, 2009.  (Docket No. 1).  Defendant Atwood Insurance Agency ("Atwood") did not join in the Notice of Removal.  As required by 28 U.S.C. § 1446(a), a copy of plaintiff Terry Spahr's ("Plaintiff") Complaint is attached to the Notice of Removal.

     Based on the Complaint's allegations, it appears that Plaintiff has failed to state a claim upon which relief can be granted against Atwood.  Plaintiff's Complaint states only one cause of action for breach of the implied covenant of good faith and fair dealing against all three defendants.  The Complaint alleges that Plaintiff was insured under an automobile liability insurance policy issued by Amco and Allied.  This policy was purchased through Atwood, who was authorized to transact business on behalf of Amco.  After an automobile accident, Plaintiff made a claim for payment under his policy.  The Complaint alleges that Amco and Allied engaged in wrongful conduct by failing to promptly investigate his claim, and by making an unreasonably low initial settlement offer in order to deprive Plaintiff of the benefits of his policy.

     Generally, only those who are parties to the insurance contract can be held liable for breach of the implied covenant of good faith and fair dealing.  See Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 576, 108 Cal. Rptr. 480, 487 (1973)("Obviously, the non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing.").  "Under California law, an insurance agent cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract."  Minn. Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 981 (9th Cir. 1999).  The Complaint does not allege that Atwood was a party to the insurance contract; it merely alleges that Atwood sold the policy to Plaintiff on behalf of Removing Defendants.  Thus it does not appear that Plaintiff has adequately stated a claim against Atwood.

**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9174 PA (AGRx) | Date | January 4, 2010 |
|---|---|---|---|

| Title | Terry Spahr v. Amco Ins. Co., et al. |
|---|---|

    The Court therefore orders Plaintiff to show cause, in writing, no later than January 19, 2010, why the claim against Atwood should not be dismissed for failure to state a claim upon which relief can be granted.

    IT IS SO ORDERED.