John F. Denove, Esq., CSB #68825
William M. Karns, Esq.  CSB# 238599
**CHEONG, DENOVE, ROWELL & BENNETT**
**A Law Partnership including a Professional Corporation**
10100 Santa Monica Boulevard, Suite 2460
Los Angeles, California 90067
(310) 277-4857   Fax No.: (310) 277-5254

Attorneys for Plaintiff, **TERRY SPAHR**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SPAHR, | CASE NO.: CV 09-09174 PA (AGRx) |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF UNREDACTED RESERVE INFORMATION AND ANALYSIS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF WILLIAM M. KARNS; EXHIBITS** |
| v. | |
| AMCO INSURANCE COMPANY, et al., | |
| Defendants. | Date:      September 28, 2010 |
| | Time:      10:00 a.m. |
| | Courtroom:  "D" |
| | [8th Floor, 312 North Spring Street, L.A., CA] |
| | Before Magistrate Judge Alicia G. Rosenberg |
| | Complaint filed:      October 14, 2009 |
| | Discovery Cut-Off:    October 4, 2010 |
| | Pretrial Conference:   November 19, 2010 |
| | Trial Date:           December 14, 2010 |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on September 28, 2010 at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom "D" of the above-captioned court located at 312 North Spring Street, Los Angeles, California, Plaintiff TERRY SPAHR will and hereby does move this court for an order compelling defendant AMCO INSURANCE COMPANY to produce unredacted reserve information and analysis.

**MOTION TO COMPEL PRODUCTION OF**
**RESERVE LOSS INFORMATION AND ANALYSIS**

The within Motion will be and is made on the following grounds:

1.   On July 12, 2010, Plaintiff's Request for Production of Documents, Set One, was served on AMCO's counsel seeking the following:

    1.   All DOCUMENTS and WRITINGS that set forth reserve amounts relating to the SUBJECT CLAIM.  If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS; and

    2.   All DOCUMENTS and WRITINGS that set forth any analyses/evaluation relating to the amount of the reserves. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS.

2.   AMCO refuses to produce its loss reserves and the analysis and evaluation relating to its loss reserves on the underlying claim.  AMCO claims loss reserves are not discoverable.  AMCO is incorrect.  Loss reserves, including the analysis in setting loss reserves, are discoverable in a bad faith case pursuant to *Lipton v. Superior Court* (1996) 48 Cal.App.4th 1599 and its progeny.

3.   As detailed herein and in the Plaintiff's proposed Joint Stipulation and the Declaration of William Karns, Esq., counsel for Plaintiff and Defendant, have met and confered on this issue, including a face to face meeting.

4.   Counsel for Defendant was emailed and hand served Plaintiff's proposed Joint Stipulation on Thursday, August 19, 2010.  Defendant has yet to provide its additions to the Joint Stipulation.  Plaintiff has waited the required five (5) days before the filing of this motion.  The Joint Stipulation is attached to the Declaration of William M. Karns as Exhibit "5.".

///

**MOTION TO COMPEL PRODUCTION OF**
**RESERVE LOSS INFORMATION AND ANALYSIS**

1        This Motion is based upon this Notice, the attached Memorandum of Points and

2   Authorities, the Declaration of William M. Karns Esq., the Joint Stipulation, and Exhibits,

3   and upon all papers and pleadings on file herein, and upon such other evidence and

4   argument as may be presented at the time of hearing.  This motion refers to documents

5   attached to the Joint Stipulation in addition to documents attached to the Declaration of

6   William Karns, Esq., counsel for Plaintiff.

7

8   Dated: August 24, 2010                    CHEONG, DENOVE, ROWELL & BENNETT

9

10       By_____
                  WILLIAM M. KARNS

11           Attorneys for Plaintiff TERRY SPAHR

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO COMPEL PRODUCTION OF
RESERVE LOSS INFORMATION AND ANALYSIS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Plaintiff has a single cause of action against AMCO: Breach of the Implied Covenant of Good Faith and Fair Dealing.  Plaintiff alleges AMCO acted unreasonably and in bad faith in the adjustment of Plaintiff's underinsured motorist (UIM) claim.  Plaintiff alleges that consciously offered unreasonably low settlement amounts in an effort to have its insured accept a settlement amounts far below the value of the claim, failed to thoroughly investigate, and delayed the payment of the claim.

AMCO produced its claims file as a part of its Initial Disclosure.  Redacted from its claims file are 1) loss reserve amounts; and 2) the analysis that went into setting the loss reserves amounts.  (Redacted portions of the claims file are attached to the Declaration of William Karns, Esq., as Exhibit "1.") It is apparent from the documents that large portions of information are redacted.  This is extremely concerning as reserve loss amounts take up a very limited amount of space (e.g.: "Reserves: $100,000.")

Plaintiff served a Request for Production of Documents, Set One, on Defendant containing two requests.  The first sought all writings setting forth reserve amounts on the subject claim.  The second that set forth any analyses/evaluation relating to the amount of the reserves. Defendant objected, and will not produce unredacted versions of its claims file containing loss reserves and analysis. (Plaintiff's Request for Production of Documents, Set One, is attached as Exhibit "2."  AMCO's Response to Request for Production of Documents, Set One, is attached as Exhibit "3.")

Loss reserves are a dollar figure set by the insurer that represents the amount anticipated to be sufficient to pay a claim.  Insurance Code section 923.5 requires insurers to maintain loss reserves on UIM claims.  Loss reserves directly relate to the insurers evaluation of a claims damages.  Although other loss reserves include costs to defend a claim, in the context of a UIM claim they must also "provide for...settlement of losses and claims." (Id.)

As required by statute AMCO set loss reserves in the Plaintiff's UIM claim. As part of that figure AMCO was required to consider and incorporate the claimed damages. AMCO also had extensive analysis that presumably supported the specific amount of the loss reserves. AMCO refuses to produce the amount of the loss reserves, and the analysis in support of that amount. This is improper. Loss reserves are discoverable.

### 2. LOSS RESERVES ARE RELEVANT AND DISCOVERABLE IN A BAD FAITH ACTION

Loss reserves are a dollar figure set by the insurer that represents the amount anticipated to be sufficient to pay a claim. Insurance Code section 923.5 requires insurers to maintain loss reserves on UIM claims. Loss reserves directly relate to the insurers evaluation of a claims damages. Although other loss reserves include costs to defend a claim, in the context of a UIM claim they must also "provide for...settlement of losses and claims." (Id.)

As required by statute AMCO set loss reserves in the Plaintiff's UIM claim. As part of that figure AMCO was required to consider and incorporate the claimed damages. AMCO also had extensive analysis that presumably supported the specific amount of the loss reserves. AMCO refuses to produce the amount of the loss reserves, and the analysis in support of that amount. This is improper. Loss reserves are discoverable.

*Lipton v. Superior Court* (1996) 48 Cal.App.4th 1599 and its progeny are clear: loss reserves are relevant in a bad faith action.

"...[L]oss reserve information might have some relevance to the question of whether a reasonable likelihood of an excess verdict existed or the insurer had conducted a proper investigation or given reasonable consideration to all of the factors involved in a specific case which might expose its insured to an excess verdict." (*Id.* at 1614.)

The situations in which the *Lipton* held loss reserves discoverable are all applicable in this case.

**MOTION TO COMPEL PRODUCTION OF
RESERVE LOSS INFORMATION AND ANALYSIS**

First, AMCO's loss reserves, and the analysis supporting them, are relevant to the question of whether a reasonable likelihood of an excess verdict/award existed. Plaintiff's UIM arbitration award of over $1,000,000.00 was more than double the remaining policy limits of $485,000.00. (The final award was reduced to the remaining policy limits of $485,000.) Assume that AMCO set reserves at or above the policy limit. This would show that AMCO always knew the value of the claim was in excess of the policy limits, that such limits should have been paid  well before Mr. Spahr was forced to arbitrate the claim.

Second, AMCO's loss reserves, and the analysis supporting them, are relevant to the question of whether a proper investigation was conducted. If AMCO loss reserves were set well below the policy limit it tends to show that AMCOs investigation was improper and biased.  This is particularly applicable when the award is over half a million dollars in excess of the policy limits.

Third, AMCO's loss reserves, and the analysis supporting them, are relevant to the question of whether AMCO gave reasonable consideration to all of the factors involved in the claim.  If the loss reserves were well below the policy limits it tends to show that AMCO did not give reasonable consideration to the factors involved in the claim.  It would tend to show that AMCO chose to give consideration to factors that supported the position of the insurer over factors that supported the position of its insured.  This constitutes a biased investigation.

Loss reserves, and supporting analysis, are directly relevant to what has been described in bad faith law as the "self conscious disconnect."  The "self conscious disconnect" describes a situation in with the insurer places a value on the claim, but consciously offers the insured far less than that value. This is relevant to showing a breach of the implied covenant of good faith and fair dealing by failing to make fair settlement offers as required by California Insurance Code section 790.03 (h)(5).  Essentially, the insurer is short changing the insured in settlement offers in hopes the claim can resolve for less than the insurer believes it is worth.

**MOTION TO COMPEL PRODUCTION OF**
**RESERVE LOSS INFORMATION AND ANALYSIS**

1    The "self conscious disconnect" was recently recognized in *Flintkote Co. v. Gen.*
2    *Accident Assur. Co.*, 2009 U.S. Dist. LEXIS 44066, 10-12 (N.D. Cal. May 26, 2009),
3    involving an asbestos claim:

4        "Since reserves are set for claims that the insurer might be liable to pay, the
5        reserves may indicate an estimate of the amount that defendant believed or
6        knew it would have to pay for plaintiff's asbestos-related claims. This
7        information may be relevant to showing the difference between what
8        defendant thought it would have to pay and its communications with plaintiff
9        regarding its evaluation of the scope of the loss." (*Id.*)

10    According to the court in *Flintkote* , evidence showing a "self-conscious disconnect"
11   between what the insurer actually thought its losses might be and its conduct toward the
12   insured in regards to the claims was relevant to the bad faith allegations asserted.  On this
13   basis, the court determined that the reserve information sought was discoverable.  The court
14   also concluded that the insurer was required to disclose the information because it could
15   lead to the discovery of admissible evidence.

16    The "self conscious disconnect" is alleged in this case in paragraphs 29, 31, and 35
17   of the Complaint.  The discovery of AMCO's loss reserves, and supporting analysis, will
18   show whether AMCO engaged in a pattern of conduct in which it offered its insured
19   amounts lower than what he was entitled to under the contract.   The discoverable
20   information will show whether AMCO knew from the beginning what it would have to pay.

21    The amount of the reserves set by the insurer and its loss experience directly affect
22   the amount of the insured's premiums and/or the dividends to which the insured might
23   otherwise be entitled. "When an insurance policy contains a retrospective premium feature,
24   an insurer's failure to act reasonably when adjusting claims automatically subjects the
25   insured to greater financial obligations in the form of increased premium rates." (*Security*
26   *Officers Service*, supra, 17 Cal.App.4th at p. 897.)  Loss reserves will show whether AMCO
27   had a practice of setting unreasonably high reserve amounts so it could establish an artificial
28   basis for increasing premium rates.  The Plaintiff was a long time policy holder of AMCO

**MOTION TO COMPEL PRODUCTION OF**
**RESERVE LOSS INFORMATION AND ANALYSIS**

1  insurance and would be subject to potential premium increases due to statutory loss reserve

2  setting/reporting requirements.

3      There are a litany of cases which expand the circumstances in which loss reserve

4  information is discoverable. Perhaps most broadly, the amount of reserves set by an insurer

5  is relevant in a bad faith action brought by an insured which it is claimed that the insurer has

6  failed to act reasonably or fairly in the adjustment and settlement of employee claims. (See,

7  e.g., *Security Officers Service v. State Compensation Ins. Fund* (1993) 17 Cal.App.4th 887,

8  898; and *Mission Ins. Group, Inc. v. Merco Construction Engineers, Inc.* (1983) 147

9  Cal.App.3d 1059, 1066.) The fact these cases refer to work comp carriers does not negate

10  the underlying principle. In fact, in the work comp insured is the employer not injured

11  employee whose claim is being adjusted. Loss reserves are even discoverable in this

12  seemingly attenuated position.

13      The analysis and evaluation of the claim was also redacted. How a carrier evaluates

14  a claim is central issue in a bad faith case. Paying an insured less than he or she is owed is

15  evidence of bad faith. (*Major v. Western Home Ins. Co.* (2009) 169 Cal.App.4th 1197,

16  1209.) If AMCO evaluated the claim above the policy limits but offered the insured far less

17  then AMCO is in bad faith. The fact this is possible makes case evaluation possible.

18  Plaintiff should be allowed to discover what AMCO's evaluation of the claim was.

19      The information sought is not protected by the attorney work-product doctrine. The

20  work product doctrine protects from discovery documents and tangible things prepared by

21  a party or his representative in anticipation of litigation. (See FRCP 23(b)(3)(A).) Reserve

22  loss information and analysis is not prepared in anticipation of subsequent litigation.

23  Reserve loss are made because the Insurance Code requires it. As such, the attorney work

24  product doctrine should not apply.

25      With regard to AMCO's claim that the documents sought are protected by the

26  attorney-client communications, *Flintkote, supra,* at *18, makes it clear that the attorney-

27  client privilege cannot be stretched to "cover documents where claims handlers or attorneys

28  acting solely as claim handlers discuss their opinion of the [] policy."

**MOTION TO COMPEL PRODUCTION OF
RESERVE LOSS INFORMATION AND ANALYSIS**

1    As set forth in *Flintkote* at *16-18:

2        "Attorney-client privilege protects the confidentiality of

3    communications between attorney and client made for the purpose of

4    obtaining legal advice. The purpose of the attorney-client privilege is to

5    encourage 'full and frank communication between attorneys and their clients

6    and thereby promote broader public interests in the observance of law and the

7    administration of justice.' *Upjohn*, 449 U.S. at 389. The Ninth Circuit has set

8    forth the following essential elements of the attorney-client privilege:

9    (1) where legal advice of any kind is sought, (2) from a professional legal

10    adviser in his capacity as such, (3) the communications relating to that

11    purpose, (4) made in confidence, (5) by the client, (6) are at this instance

12    permanently protected, (7) from disclosure by himself or by the legal adviser,

13    (8) unless the protection be waived. *Admiral Ins. Co.*, 881 F.2d at 1492, citing

14    *In re Fischel*, 557 F.2d 209 (9th Cir. 1977). The attorney-client privilege also

15    extends to the attorney's advice in response to the client's communication. *In*

16    *re Fischel*, 557 F.2d at 211."

17        As in *Flintkote*, if the documents being sought reflect communications between

18    AMCO's attorney and officers for the purpose of obtaining legal advice, then the privilege

19    would apply. However, if the redacted portions of the documents consist of opinions of

20    claims handlers, rather than advice from counsel, then the privilege would not apply.

21    ///

22

23

24

25

26

27

28

**MOTION TO COMPEL PRODUCTION OF
RESERVE LOSS INFORMATION AND ANALYSIS**

1

### 3.     CONCLUSION

2       Loss reserves and supporting analysis are discoverable.  AMCO should not be

3   allowed to withhold this key information.

4

5   Dated: August 24, 2010                    CHEONG, DENOVE, ROWELL & BENNETT

6

7                                             By_____
                                                 WILLIAM M. KARNS
8                                             Attorneys for Plaintiff TERRY SPAHR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF WILLIAM M. KARNS

I, WILLIAM M. KARNS, declare as follows:

1.    I am an attorney law, duly licensed to practice law in the State of California, and am an associate with the law firm of Cheong, Denove, Rowell & Bennett, counsel for plaintiff in the within matter. The following is within my personal knowledge and I would testify to the following if called upon to do so.

2.    On June 25, 2010, I wrote to Jason R. Bendel of the law firm of Stroock & Stroock & Lavan, LLP, AMCO's counsel, concerning documents relating to loss reserve information and analysis which were designated as privileged in the initial disclosure. Attached as Exhibit "1" are a true and correct copies of the redacted portions of the claims file produced by AMCO.

3.    At that time, Mr. Bendel indicated that he would provide only redacted documents. In response to Mr. Karns' letter, Mr. Bendel refused to provide the information.

4.    On July 12, 2010, Plaintiff's Request for Production of Documents, Set One, was served on AMCO's counsel seeking the following: "1) All DOCUMENTS and WRITINGS that set forth reserve amounts relating to the SUBJECT CLAIM. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS; and 2) All DOCUMENTS and WRITINGS that set forth any analyses/evaluation relating to the amount of the reserves. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS." A true and correct copy of Plaintiff's Request for Production of Documents, Set One, is attached as Exhibit "2."

5.    AMCO did not produce the unredacted version of its claims file. AMCO objections included attorney work-product, attorney-client privilege, privacy rights of third parties, relevancy, and that the documents sought were confidential and/or

**MOTION TO COMPEL PRODUCTION OF
RESERVE LOSS INFORMATION AND ANALYSIS**

proprietary.   A true and correct copy of AMCO's Response to Request for Production of Documents, Set One, is attached hereto as Exhibit "3.")

6.   On August 10, 2010, I wrote to Mr. Bendel asking to meet with him face-to-face to discuss AMCO's objections in an attempt to resolve the matter. I offered to stipulate to a protective order, but Mr. Bendel is unwilling to provide further responses to the production requests.   A true and correct copy of my August 16, 2010, letter is attached hereto as Exhibit "4.")

7.   Mr. Bendal refused to produce the unredacted claims file showing reserves and case evaluation. Mr. Bendal and I met in person on August 18, 2010. Mr. Bendal did not change his position.

8.   I emailed and hand served Plaintiff's proposed Joint Stipulation on Thursday, August 19, 2010. Defendant has yet to provide its additions to the Joint Stipulation. I waited the required five (5) days before the filing of this motion. A true and correct copy of the Joint Stipulation served on Defendant is attached hereto as Exhibit "5."

8.   Because the parties have been unable to obtain a resolution, they now seek the Court's assistance.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of August, 2010 at Los Angeles, California.


_____

WILLIAM M. KARNS

# EXHIBIT "1"

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:28:13

                POLICY       PPA  0015335164    LOSS DATE 072105        CLAIM 84L41820
PAGE 015 OF 073   AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

            * * * * * *   FOLLOWING IS TO CONFIRM AC02 CLAIM REP UPDATE  * * * * *
01-09-07  9:32A CST ENTERED BY EFD007          FAITH DAVIS
          REP NO 81509 TED ECKMAN 805-367-2121         ADDED TO REP POSITION 1

            * * * * * *   FOLLOWING IS TO CONFIRM AC02 CLAIM REP UPDATE  * * * * *
01-09-07  9:36A CST ENTERED BY EFD007          FAITH DAVIS
          REP NO 81509 TED ECKMAN 805-367-2121         DELETED FROM REP POSITION 1

            * * * * * *   FOLLOWING IS TO CONFIRM AC02 CLAIM REP UPDATE  * * * * *
01-09-07  9:36A CST ENTERED BY EFD007          FAITH DAVIS
          REP NO 86114 NICOLE CURTIS 805-367-2181       ADDED TO REP POSITION 1

01-10-07  4:38P CST ENTERED BY ENC040               CURTIS, NICOLE
          INDEXED INSURED AND ADDED IN AS MUCH INFO AS KNOWN


            CONTACT PHASE:

                  C O R R E S P O N D E N C E -

          CALLED ATTY OFFICE AND ADVISED I HAVE RECIEVED DEMAND HOWEVER
          WE NEED A NUMBER OF ITEMS TO PROCESS THE CLAIM. SW ASSISTANT
          WHO ADVISED ATTY NOT IN TO PLEASE SEND IN WRITING. ALSO ADVISED
          WE WILL NEED R/I AND WILL HAVE OUR FIELD CONTACT THEIR OFFICE TO
          SET IT UP. SHE U/S

            * * * * * * *   FOLLOWING IS TO CONFIRM AC31 FAX/EMAIL SENT * * * * *
01-10-07  INSTRUCTIONS TO:OTTB1          FROM:CURTIS, NICOLE      4:39PM N
          SPECIAL INSTRUCTIONS:
          PLEASE TASK A FACE TO FACE RECORDED STATEMENT FOR OUR INSURED UIM CLAI
          M.

01-10-07  6:11P CST ENTERED BY ENC040            CURTIS, NICOLE

            EVALUATION PHASE:

                  Redacted

          MEDICAL BILLS 33,266.86

                                                      CLM5201


AMCO 03181

(A) Passport.zws - PASSPORT                        November 25, 2009, 13:28:18

         POLICY      PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
PAGE 016 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

        CC PAID LIMITS AT 15K
        OPEN MED EXPOSURE KNOWN 18K
        PLUS GENERALS



        NOTE:

        * * * * * * *  FOLLOWING IS TO CONFIRM AC31 FAX/EMAIL SENT * * * * *
01-10-07 INSTRUCTIONS TO:OTTB2             FROM:CURTIS, NICOLE      6:12PM N
        SPECIAL INSTRUCTIONS:

01-10-07  6:19P CST ENTERED BY ENC040          CURTIS, NICOLE
        ADDITIONAL COMMENTS-
             F O L L O W - U P   P H A S E :
        ADDITIONAL COMMENTS-

        FILE REVIEW
        UIM CLAIM EXPOSURES 500K
        DEMAND IN MEDS IN FILE ARE 33266.86
        CC LETTER OFFERING LIMITS IN FILE 15K

        NEED :
        (1)COPY OF THE CHECK AND SIGNED RELEASE
        (2)PROOF OF NO ADDITIONAL COVERAGE AND COURSE AND SCOPE FROM DCV
        (3)INSURED STATEMENT
        (4)VEHICLE INSPECTION AND PHOTOS
        (5)INDEX INFORMATION

                                            CLM5201

                              AMCO 03182

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:28:2

          POLICY      PPA  0015335164    LOSS DATE 072105        CLAIM 84L41820
  PAGE 017 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION


        DEMAND IN WITH MEDICAL BILLS
        CCS TO BE DONE IN FILE

        R/I TO BE TASKED TO FIELD FOR FACE TO FACE

            COVERAGE PHASE:

              A U T O

        POLICY STATUS- (A)
        POLICY PERIOD-07/09/05        07/09/06
        COMPANY NAME-AMCO
        VEHICLE-    01 GMC    YUKON XL 1
        LISTED AUTO? / AUTO #-YES 01
        DRIVER-001  SPAHR, TERRY D.
        DRIVER LISTED/MEMBER OF HH-YES 001
        EXCLUDED DRIVER/ENDORSEMENTS-N/A
        APPLICABLE COVERAGE(S)- SEE BELOW
        ------------------------Redacted------------------------
        PRIOR LOSS ACTIVITY-N/A
        COVERAGE QUESTION(S)-PENDING PROOF UIM CLAIM VIA DOCUMENTATION

01-10-07  6:21P CST ENTERED BY ENC040        CURTIS, NICOLE
        500  BI CSL                          G04321      500000
        502  PD CSL                          G04321      500000
        543  COMPREHENSIVE                   G04321         100
        550  DED WAIVER                      G04321         500
        554  COLLISION                       G04321         500
        580  UNINS BI                        G04321      500000


        EVALUATION PHASE:

              L I A B I L I T Y    D E C I S I O N-

        CLMT REAR-END INSURED INTO CV2. NO COMPARATIVE NEGLIGENCE
        CC ACCEPTED 100% LIABILITY.

                                              CLM5201



                                   AMCO 03183

(A) Passport.zws - PASSPORT                        November 25, 2009, 13:28:2!

```
        POLICY      PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
  PAGE 018 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

          INSURED 0% AT FAULT
          CLMT1- 100% AT FAULT
          CLMT2- 0% AT FAULT

01-11-07  3:56P CST ENTERED BY EBO023              OTT, BRIAN

                    MANAGER INVOLVEMENT:

            COMMENTS-

      REVWD THE CLAIM WITH THE HANDLING CA. REQUESTED A FIELD TASK FOR
      IN PERSON STATEMENT. THE VEHICLE INSPECTION IS IN THE FILE OF THE
      INSD'S VEHICLE. WE WILL NEED TO OBTAIN ALL MEDICAL RECORDS AND
      BILLING. APPEARS THERE IS A REDUCTION ON THE BILLS THAT HAVE BEEN
      PRESENTED BY THE INSD'S ATTNY. WE WILL PROBABLE HAVE TO HAVE THE
      RECORDS REVIEWED FOR REASONABLE AND NECESSARY. WE WILL NEED TO MAKE
      SURE THAT INDEX SEARCHES ARE CURRENT.                    Redacted
```

Redacted

```
01-12-07  5:55P CST ENTERED BY ENC040              CURTIS, NICOLE

            CONTACT PHASE:

                 S U B S E Q U E N T -

      RETURNED CALL TO MONICA
      3:51PM- ADVISED THAT IN ORDER TO PURSUE TO UMBI CLAIM WE
      NEED THEY NEED TO EXHAUST ALL OTHER AVENUES OF COVERAGE
      (IE THROUGH INTEROGGS) SHE ADVISED THEY DID NOT DO ANY
      DISCOVERY BUT WOULD A DECLARATION DUE? I ADVISED YES THAT
      WOULD WORK.

      I ALSO REQUESTED THE PHOTOS OF THE CLMT VEHICLES.
```

                                                          CLM5201

(A) Passport.zws - PASSPORT                                November 25, 2009, 13:29:11

        POLICY      PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
PAGE 026 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION


       * * *  FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION  * * *
02-12-07  4:07P  ORDERED BY ENC040            CURTIS, NICOLE
    FORM#:923C        ED DATE:1099  30 LINE BLANK MEMO - CLAIMS
    SENT TO: GOODMAN & METZ               17043 VENTURA BLVD.
        ENCINO CA 91316-4128


02-21-07  5:19P CST ENTERED BY EBO023         OTT, BRIAN

             MANAGER INVOLVEMENT:


      COMMENTS-

    FOLLOW UP REVIEW. CA IS AWAITING THE SIGNED AUTH FROM THE CLMNT
    ATTNY. THE ATTNY IS ALSO TO PROVIDE US WITH THE INFORMATION FROM
                  Redacted

03-02-07  3:07P CST ENTERED BY ENC040         CURTIS, NICOLE

      CONTACT PHASE:

        S U B S E Q U E N T -

    CALLED INSD ATTY OFFICE LMTC 1:07PM


       * * *  FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION  * * *
03-21-07 11:12A  ORDERED BY ENC040            CURTIS, NICOLE
    FORM#:11849     ED DATE:0494  ADDITIONAL INFORMATION REQUEST
    SENT TO: GOODMAN & METZ               RE: TERRY SPAHR
        17043 VENTURA BLVD.            ENCINO CA 91316-4128


03-21-07 11:13A CST ENTERED BY ENC040         CURTIS, NICOLE

      CONTACT PHASE:

        S U B S E Q U E N T -

                                  CLM5201


AMCO 03192

(A) Passport.zws - PASSPORT                           November 25, 2009, 13:29:25

```
          POLICY      PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
PAGE 029 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION
```

               S U B S E Q U E N T -

     CALLED MONICA AT INSD ATTY: SW MONICA AND ADVISED WE
     ARE IN NEED OF AUTH FOR SOUTH BAY ORTHOPEDIC AND WE
     HAVE REQUESTED ALL OTHER PROVIDERS AND ARE AWAITING THIER
     RECORDS.

     SHE WILL GET BACK TO ME ONCE SHE REVIEWS HER FILE.

     * * *   FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION   * * *
05-15-07 11:34A  ORDERED BY ENC040          CURTIS, NICOLE
     FORM#:11846      ED DATE:0494  ADDITIONAL TIME REQUIRED
     SENT TO: GOODMAN & METZ              17043 VENTURA BLVD.
              ENCINO CA 91316-4128

05-15-07 11:35A CST ENTERED BY ENC040          CURTIS, NICOLE
     RECIEVED CALL BACK FROM MONICA WHO ADVISED DR O'HARA WAS
     THE SAME AS SOUTH BAY ORTHOPEDIC.

05-18-07  5:54P CST ENTERED BY ENC040          CURTIS, NICOLE
     **********************************************
     DEMAND FOR ARB TO TOLL STATUTE(PLACED IN AWD)
     **********************************************

05-23-07  1:21P CST ENTERED BY EBO023          OTT, BRIAN

               MANAGER INVOLVEMENT:

        COMMENTS-

     REVWD WITH A.D. CHRIS WHITE. BASED UPON THE LIMITED INFORMATION THAT
     WE HAVE, IT IS NOW KNOWN THAT THE INSD HAS HAD 2 SURGERIES. ONE TO THE
     BACK AREA AND ONE TO THE NECK AREA. IT IS UNKNOWN WHAT PROCEDURE WAS
     COMPLETED FOR THE BACK BUT WE WERE ADVISED THAT THE INSD HAD 3 LEVELS
     OF HIS CERVICAL SPINE FUSED TOGETHER WITH PLATES INSERTED. HE WAS OFF
     OF WORK 4-6 WEEKS AND EARNS APPROXIMATELY $120K/YEAR (SALARY). :Redacted:
     :_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ :Redacted: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _:

                                                            CLM5201
```

AMCO 03195

(A) Passport.zws - PASSPORT                        November 25, 2009, 13:29:31

      POLICY    PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
PAGE 030 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

    * * *  FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION * * *
06-15-07  5:50P  ORDERED BY ENC040              CURTIS, NICOLE
    FORM#:11846       ED DATE:0494   ADDITIONAL TIME REQUIRED
    SENT TO: GOODMAN & METZ              17043 VENTURA BLVD.
        ENCINO CA 91316-4128

06-20-07  3:52P CST ENTERED BY ENC040           CURTIS, NICOLE

        F O L L O W - U P   P H A S E :

        [ Redacted ]

    DISCUSSED FILE WITH MANAGER AND IT APPEARS INSD ATTY HAS
    DELETED OR BLACKED OUT LARGE PORTIONS OF THE CLAIM AND
    WE ARE UNABLE TO REVIEW MEDS IN ENTIRETY AND WITH THE
    HANIF REDUCTIONS FROM HIS PRIMARY HEALTH INSURANCE BLUE CROSS
    PPO.

    INSD ATTY HAD SENT IN REQUEST FOR UM ARB TO TOLL STATUE
    BUT HAS SINCE CALLED TO REQUEST STATUS AND WILL CONTINUE TO
    LITIGATION.

    IUPDATED CCS WITH LATEST COMPEX INFORMATION RECIEVED

    CALLED INSD ATTY AT 1:48PM THEY SAID THEY SENT OVER NON
    BLACKED OUT VERSION OF THE MEDS  AND WERE NOT CLAIMING
    LOE.AND WOULD PREFFER NOT TO LIT IF POSS.

    SW MONICA WHO WILL RESEND NON BLACKED OUT COPIES

    I ADVISED I WOULD REVIEW MY FILE TO MAKE SURE THAT THE
    UNABRIDGED COPY WAS NOT RECIEVED.

07-02-07  5:35P CST ENTERED BY ENC040           CURTIS, NICOLE

        F O L L O W - U P   P H A S E :


        [ Redacted ]

                CLM5201

**AMCO 03196**

(A) Passport.zws - PASSPORT                         November 25, 2009, 13:29:52

          POLICY      PPA  0015335164    LOSS DATE 072105        CLAIM 84L41820
PAGE 034 OF 073   AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

          MRI FILMS. FROM THE READING THE FILE & CCS, IT APPEARS THE CLMNT IS
          STILL HAVING RESIDUAL PAIN. HE HAS RECVD INJECTION & NERVE BLOCKS. DUE
          TO THIS REASON, ONCE THE RECORDS ARE OBTAINED, WE MAY FIND IT
          NECESSARY TO HAVE THE RECORDS REVIEWED AND/OR HAVE THE CLMNT SUBMIT TO
          AN IME. THE CA NEEDS TO CONTACT THE CLMNT ATTNY TO ADVISE HIM WHAT WE
          ARE DOING AND THEN FOLLOW IT UP IN WRITING WITH AN ADDITIONAL TIME LTR
          ADVISING HIM EVERYTHING THAT WE NEED IN ORDER TO PROPERLY EVALUATE HIS
          CLIENT'S CLAIM.

08-17-07  3:24P CST ENTERED BY ENC040          CURTIS, NICOLE

                    F O L L O W - U P   P H A S E :



          SENT LETTER TO INSD ATTY REQUESTING:

          1. YOUR CLIENT'S FILMS (PRIOR AND POST LOSS).
          2. COMPLETE RECORDS (PRIOR AND POST LOSS).
          3. WE MAY NEED TO HAVE AN IME DONE WITH OUR INSURED/ YOUR CLIENT.
          4. TAX RETURNS FOR THE 5 YEARS PRIOR TO THE LOSS.
          5. OCCUPATIONAL DUTIES.
          6. PLEASE PROVIDE US WITH YOUR CLIENT'S PRIMARY PHYSICIAN PRIOR TO THE
          ACCIDENT.

09-07-07  7:16P CST ENTERED BY ENC040          CURTIS, NICOLE
          STATUS LETTER WAS SENT INSURED'S ATTY OFFICE AND NO RESPONSE
          HAS BEEN RECIEVED TO DATE.

          * * * * *   FOLLOWING IS TO CONFIRM AC02 CLAIM REP UPDATE  * * * * *
10-02-07  4:49P CST ENTERED BY EMM227          MARSHALL, MONICA
          REP POSITION 1 CHANGED FROM REP NO 86114 NICOLE CURTIS 805-367-2181
                              TO REP NO 88817 MONICA MARSHALL8005522437X336

10-02-07  6:29P CST ENTERED BY EMM227          MARSHALL, MONICA

                    F O L L O W - U P   P H A S E :

                    RESOLUTION STRATEGY-

                                                      CLM5201

AMCO 03200

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:29:57

```
        POLICY      PPA  0015335164   LOSS DATE 072105        CLAIM 84L41820
PAGE 035 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION
```

        REV'D TRANSFER FILE.
        FACTS OF LOSS: C/V1 R/E I/V INTO C/V2
        COVERAGE      : AGREE WITH PRIOR REP'S COV DEC; COVERAGE OK FOR DOL.
                        DRIVER/VEHICLE LISTED; APPLICABLE COV 500K BI CSL
        STATEMENTS    : IVD TAKEN 1/24/07
        POLICE REPORT: N/A
        LIABILITY     : I AGREE WITH PRIOR REP'S LIAB DEC; 100% ADV TO C/V1;
                        0% ADV TO IVD; 0% ADV TO C/V2. NO COMP/NEG; CLMT A/F
                        FOR UNSAFE SPEED FOR CONDITIONS.
        FAULT LETTER : N/A- UIM CLAIM
        SDIP         : 18
        COVERAGE ANALYSIS: COMPLETED 1/10/07
        LIABILITY ANALYSIS: COMPLETED 7/22/05
        INJURIES      : CLMT 001- IVD- TERRY SPAHR- CERVICAL/LUMBAR; INSD HAS
                        HAD BACK/NECK SURGERY; WE NEED TO OBTAIN ALL PRIOR
                        RECORDS
        INDEX        : CURRENT- DUE 12/21/07
        PROP 213     : N/A-UIM CLAIM
        ATTORNEY     : GOODMAN & METZ
        CURRENT OFFER/DEMAND: INSD HAS SETTLED WITH C/C FOR 15K; UIM DEMAND
                                         =Redacted=

        PRE-SUIT STRATEGY: F/U WITH ATTY FOR COMPLETE PRIOR AND POST LOSS
                           RECORDS

10-02-07  6:34P CST ENTERED BY EMM227          MARSHALL, MONICA

              CONTACT PHASE:

                   S U B S E Q U E N T -

        CALLED INSD'S ATTY'S OFFICE AND S/W MONICA. I ASKED FOR STATUS OF
        INFORMATION REQUESTED BY PRIOR ADJUSTER. SHE SAID THAT SHE DIDN'T
        HAVE STATUS RIGHT NOW. SHE IS GOING TO HAVE THE ATTORNEY, JORDAN
        METZ CALL ME TOMORROW TO DISCUSS THIS FILE.

                                                        CLM5201

(A) Passport.zws - PASSPORT                        November 25, 2009, 13:30:02

      POLICY    PPA  0015335164   LOSS DATE 072105    CLAIM 84L41820
PAGE 036 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

10-02-07  6:36P CST ENTERED BY EMM227          MARSHALL, MONICA

       CONTACT PHASE:

         C O R R E S P O N D E N C E -

   SENT NOW HANDLING LETTER TO ATTY VIA WORD.

10-08-07  5:30P CST ENTERED BY ELE017          LAURA K ELKINS

         MANAGER INVOLVEMENT:

       COMMENTS-

        Redacted

10-09-07 11:00A CST ENTERED BY EMM227          MARSHALL, MONICA

       CONTACT PHASE:

       S U B S E Q U E N T -

   CALLED ATTY JORDAN METZ. ATTY WAS NOT IN. LMTCB RE: NEED PRIOR MEDICAL
RECORDS FOR INSD TERRY SPAHR.

10-23-07 11:03A CST ENTERED BY EMM227          MARSHALL, MONICA

       CONTACT PHASE:

       S U B S E Q U E N T -

   CALLED ATTY JORDAN METZ. LMTCB RE: NEED TO DISCUSS CLAIM FOR TERRY
SPAHR. NEED ALL PRIOR MEDICAL RECORDS.

10-23-07 11:04A CST ENTERED BY EMM227          MARSHALL, MONICA

       F O L L O W - U P   P H A S E :


                                    CLM5201

AMCO 03202

(A) Passport.zws - PASSPORT                          November 25, 2009, 13:30:07

       POLICY      PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
PAGE 037 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

                            [Redacted]

10-23-07 11:05A CST ENTERED BY EMM227          MARSHALL, MONICA

         INVESTIGATION PHASE:

             I N D E X   FOLLOW UP-

     RE-INDEXED CLMT TERRY SPAHR.

11-01-07 10:49A CST ENTERED BY EMM227          MARSHALL, MONICA

         CONTACT PHASE:

           S U B S E Q U E N T -

     CALLED ATTY JORDAN METZ TO DISCUSS CLAIM. LMOMTCB.

11-01-07 10:50A CST ENTERED BY EMM227          MARSHALL, MONICA

        F O L L O W - U P   P H A S E :
                  [Redacted]
                  [Redacted]
    * * *  FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION  * * *
11-01-07 10:51A  ORDERED BY EMM227          MARSHALL, MONICA
    FORM#:11864      ED DATE:0494  ADVISE OF STATUS
    SENT TO: GOODMAN & METZ              ATTN: JORDAN METZ
          17043 VENTURA BLVD.          ENCINO CA 91316-4128

11-08-07 12:00P CST ENTERED BY EMM227          MARSHALL, MONICA

        CONTACT PHASE:

          S U B S E Q U E N T -

                                   CLM5201

**AMCO 03203**

(A) Passport.zws - PASSPORT                          November 25, 2009, 13:30:12

          POLICY      PPA  0015335164    LOSS DATE 072105      CLAIM 84L41820
   PAGE 038 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

          CALLED L/O OF JORDAN METZ. S/W RECEPTIONIST MONICA. I ADVISED THAT
          WE NEED PRIOR RECORDS FOR CLMT TERRY SPAHR FOR THE 3 YEARS PRIOR TO
          THIS LOSS. SHE WILL ADVISE THE ATTY AND GET BACK TO ME.

   12-03-07 11:07A CST ENTERED BY EMM227          MARSHALL, MONICA

               CONTACT PHASE:

                    S U B S E Q U E N T -

          RECEIVED MSSG FROM MONICA AT L/O OF JORDAN METZ RE: THEY WOULD LIKE
          ANOTHER MED AUTH.

   12-03-07 11:13A CST ENTERED BY EMM227          MARSHALL, MONICA

               CONTACT PHASE:

                    C O R R E S P O N D E N C E -

          SENT ADDL MED AUTH TO ATTY.

   12-03-07 11:14A CST ENTERED BY EMM227          MARSHALL, MONICA

               F O L L O W - U P   P H A S E :

                    [Redacted]

          CLMT'S ATTY IS GATHERING PRIOR 3 YEARS MEDICAL RECORDS.

                    [Redacted]

          INDEX IS CURRENT.

   12-19-07 12:46P CST ENTERED BY EMM227          MARSHALL, MONICA

               CONTACT PHASE:

                    S U B S E Q U E N T -

                                                        CLM5201


                                               **AMCO 03204**

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:30:17

          POLICY     PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
PAGE 039 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION


     CALLED ATTY JORDAN METZ. ATTY WAS NOT IN. LMTCB RE: STATUS OF PRIOR
     MEDICAL RECORDS FOR INSD TERRY SPAHR.

12-19-07 12:47P CST ENTERED BY EMM227            MARSHALL, MONICA

          F O L L O W - U P   P H A S E :

          [Redacted]

          [Redacted]

     INDEX IS CURRENT.


     * * *  FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION  * * *
12-19-07 12:48P  ORDERED BY EMM227            MARSHALL, MONICA
     FORM#:11849       ED DATE:0494   ADDITIONAL INFORMATION REQUEST
     SENT TO: GOODMAN & METZ              ATTN: JORDAN METZ
              17043 VENTURA BLVD.         ENCINO CA 91316-4128


12-21-07 10:56A CST ENTERED BY EMM227            MARSHALL, MONICA

          CONTACT PHASE:

          S U B S E Q U E N T -

     RECEIVED V/M FROM MONICA AT L/O OF JORDAN METZ. SHE STATED THAT THEY
     FORWARDED THE AUTHORIZATION TO INSD TERRY SPAHR AND THEY ARE WAITING
     FOR THE INSD TO RETURN IT WITH THE LIST OF PRIOR MEDICAL PROVIDERS.
     THEY WILL SEND BACK SIGNED MED AUTH AS SOON AS POSSIBLE.

01-03-08 11:52A CST ENTERED BY EMM227            MARSHALL, MONICA

          F O L L O W - U P   P H A S E :



     PENDING RETURN OF MED AUTH SIGNED BY INSD SO THAT I CAN REQUEST
                                                            CLM5201

(A) Passport.zws - PASSPORT                         November 25, 2009, 13:30:22

          POLICY      PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
    PAGE 040 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

          PRIOR RECORDS.

          [Redacted]

          INDEX IS CURRENT.

    01-16-08  9:46P CST ENTERED BY EMM227        MARSHALL, MONICA

              INVESTIGATION PHASE:

                   I N J U R Y -

          MIP? YES/NO/NA:
          BIOMECHANICAL? YES/NO/NA:

          SIGNED MED AUTH RECEIVED FROM INSD'S ATTY. FAXED MED AUTH TO
          COMPEX TO OBTAIN INSD'S PRIOR RECORDS.

    01-23-08  6:00P CST ENTERED BY EMM227        MARSHALL, MONICA

              CONTACT PHASE:

                   C O R R E S P O N D E N C E -

          RECEIVED NOTICE FROM COMPEX RE: MEDICAL BILLS FOR INSD TERRY
          SPAHR SHOULD BE COPIED BY 2/7/08.

    01-29-08  6:32P CST ENTERED BY EMM227        MARSHALL, MONICA

                   F O L L O W - U P   P H A S E :

          [Redacted]

          PENDING RECEIPT OF MEDICAL RECORDS FROM COMPEX.

          [Redacted]

          INDEX IS CURRENT.

                                                      CLM5201

AMCO 03206

(A) Passport.zws - PASSPORT                          November 25, 2009, 13:30:27

       POLICY     PPA  0015335164   LOSS DATE 072105    CLAIM 84L41820
PAGE 041 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

02-26-08 10:38A CST ENTERED BY EMM227          MARSHALL, MONICA

      CONTACT PHASE:

        S U B S E Q U E N T -

    RETURNED CALL TO ATTY JORDAN METZ. LMOMTCB RE: PENDING COPY OF
    RECORDS FROM COMPEX.

02-26-08 10:38A CST ENTERED BY EMM227          MARSHALL, MONICA

       F O L L O W - U P   P H A S E :

> Redacted

    COMPEX RECORDS WERE TO BE COPIED THIS MONTH. PENDING RECEIPT OF
    RECORDS FROM COMPEX.

> Redacted

    INDEX IS CURRENT.

02-29-08 11:42A CST ENTERED BY EMM227          MARSHALL, MONICA

      CONTACT PHASE:

        S U B S E Q U E N T -

    CALLED COMPEX AND S/W CARLA. SHE STATED THAT SHE WILL FIND OUT IF
    RECORDS HAVE BEEN COPIED OR NOT AND IF NOT,WILL GET THEM OVER TO
    ME RIGHT AWAY.

03-19-08 10:16A CST ENTERED BY EMM227          MARSHALL, MONICA

      INVESTIGATION PHASE:

        I N D E X   FOLLOW UP-

    RE-INDEXED INSD TERRY SPAHR.

                               CLM5201

(A) Passport.zws - PASSPORT                        November 25, 2009, 13:30:32

```
        POLICY      PPA  0015335164   LOSS DATE 072105      CLAIM 84L41820
PAGE 042 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION
```

03-26-08 11:12A CST ENTERED BY EMM227              MARSHALL, MONICA

                CONTACT PHASE:

                    S U B S E Q U E N T -

        CALLED AND LMTCB ATTY JORDAN METZ RE: DISCUSSION OF CLAIM.

04-30-08  5:45P CST ENTERED BY EMM227              MARSHALL, MONICA

                F O L L O W - U P   P H A S E :

                    [Redacted]

        FILE PENDING FOR REVIEW OF MEDICAL REPORTS/BILLS FOR SETTLEMENT.

        * * * * * * *  FOLLOWING IS TO CONFIRM AC31 FAX/EMAIL SENT * * * * *
05-14-08 INSTRUCTIONS TO:SILVERC          FROM:MARSHALL, MONICA    2:56PM N
        SPECIAL INSTRUCTIONS:
        ********************* CMS REFERRAL **********************
        CLAIMANT(S) TO BE REVIEWED: TERRY SPAHR
        COVERAGE TO BE REVIEWED: UM
        QUESTIONS FOR THE CMS TO ANSWER:
        PLEASE REVIEW MEDICAL RECORDS IN AWD AND DETERMINE IF INSD'S TREATMENT
        /ALLEGED INJURIES APPEAR RELATED TO LOSS.
        .
        ANY TURNAROUND TIME NEEDS AND REASONS:

        * * * * * * *  FOLLOWING IS TO CONFIRM AC31 FAX/EMAIL SENT * * * * *
06-17-08 INSTRUCTIONS TO:MARSHAM9         FROM:ELKINS, LAURA K    11:08AM P
        SPECIAL INSTRUCTIONS:
        MONICA, PLEASE FOLLOW UP ON CMS; DOCUMENT FILE. BRING FILE UP TO DATE.
        DO WE HAVE ENOUGH INFO TO EVALUATE?

06-17-08 11:10A CST ENTERED BY ELE017              ELKINS, LAURA K

                MANAGER INVOLVEMENT:

        COMMENTS-

                                                        CLM5201
```

**AMCO 03208**

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:30:37

             POLICY     PPA  0015335164    LOSS DATE 072105        CLAIM 84L41820
  PAGE 043 OF 073   AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

  ┌─────────────────────────────────────────────────────────────────┐
  │ Redacted                                                          │
  └─────────────────────────────────────────────────────────────────┘
  06-24-08 12:18P CST ENTERED BY EMM227              MARSHALL, MONICA

              INVESTIGATION PHASE:

                    M E D I C A L   R E C O R D S -

     CMS REVIEW OF PRIOR RECORDS: DAMAGES APPEAR CONSISTENT WITH LOSS;
     NOTED THAT CLMT AIRBAGS DID NOT DEPLOY AND THE I/V WAS DRIVEABLE
     FROM THE SCENE.

     CLMT IS 63 YEARS OLD AT TIME OF LOSS AND WAS EMPLOYED IN A
     PHYSICALLY DEMANDING JOB AND DROVE FOR LONG PERIODS OF TIME (
     REPORTED BY THE INSD TO DR. CHANIN IN 1996) AND THAT HE ALSO HAD
     CERVICAL ARTHRITIS AND RECURRENT COMPLAINTS OF BACK PAIN.

     INSD DID NOT REPORT ANY INJURIES IMMEDIATELY FOLLOWING THIS
     INCIDENT AND APPEARS TO HAVE CONTINUED WORKING IN THIS PHYSICALLY
     DEMANDING JOB. THE FIRST 4 MONTHS OF COMPLAINTS ONLY SUPPORTED
     NECK COMPLAINTS. IT WAS NOT UNTIL AFTER A LONG TRUCK RIDE, FOR
     WORK FROM CALIFORNIA TO IOWA, THAT THE INSD BEGAN REPORTING
     LOWER BACK PAIN- THAT APPEARS CONSISTENT WITH HIS REPORTED HISTORY
     FOR SPORADIC/RECURRENT BACK PAIN.

     INSD'S WORK HISTORY APPEARS CONSISTENT WITH INSD'S HISTORY OF BACK
     PAIN- INSD'S WORK REQUIRES DRIVING IN A WORK TRUCK AND THERE IS A
     A REFERENCE TO UNLOADING TIRES IN HIS PRE-MVA RECORDS. THE ACT OF
     LOADING/UNLOADING WOULD APPEAR TO REQUIRE LIFTING,BENDING,TWISTING/
     REPETITIVE MOVEMENTS.

     CLMT'S INCREASE IN WEIGHT MAY HAVE ALSO CONTRIBUTED TO HIS LOWER
     BACK PAIN

     THE INSD APPEARS TO HAVE HAD SIGNIFICANT CERVICAL AND LUMBAR
     DISEASE PRIOR TO THIS LOSS. THIS LOSS DOES NOT APPEAR TO HAVE
     CONTRIBUTED TO TO ANY ACUTE SPINAL TRAUMA. THE RETURN OF CERVICAL
     COMPLAINTS APPEARS TO SUPPORT INSD'S PRE-EXISTING AND PROGRESSIVELY
                                                         CLM5201

AMCO 03209

(A) Passport.zws - PASSPORT                      November 25, 2009, 13:30:42

          POLICY        PPA  0015335164   LOSS DATE 072105        CLAIM 84L41820
PAGE 044 OF 073  AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION

          WORSENING DISEASE AS THE BASIS FOR THE INJECTION AND SURGICAL
          INTERVENTION VERSUS CASUALLY RELATED TO THE MVA.

06-24-08  7:08P CST ENTERED BY EMM227              MARSHALL, MONICA

          EVALUATION PHASE:

              I N J U R Y

            MEDICAL BILLS -$13,768.47
            WAGE LOSS - 0.00
            EVALUATION OF INJURY -

    FILE CONFERENCED WITH A.D. AGREED TO SETT RANGE OF UP TO $38,768.47
    (SPECIALS + $25K GENERALS) IN AN EFFORT TO TRY AND RESOLVE AND GIVE
    INSD BENEFIT OF THE DOUBT WITH QUESTIONABLE ISSUES RE: BACK SURGERY.

    ┌───────────────────────────── Redacted ─────────────────────────────┐
    └────────────────────────────────────────────────────────────────────┘

    INSD HAS BEEN COMPENSATED 15K BY C/C.

06-24-08  7:09P CST ENTERED BY EMM227              MARSHALL, MONICA

          CONTACT PHASE:

              S U B S E Q U E N T -

    CALLED ATTY JORDAN METZ. LMOMTCB RE: SETTLEMENT DISCUSSION.

06-25-08 10:47A CST ENTERED BY ELE017              ELKINS, LAURA K

              MANAGER INVOLVEMENT:

          COMMENTS-

    RET CALL OF 6/23 TO ATTY METZ. LMTCB.


                                                        CLM5201



                                                    **AMCO 03210**

```
(A) Passport.zws - PASSPORT                       November 25, 2009, 13:50:54

P/N      POLICY    PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
   AUTOMATED CLAIMS SYSTEM                   POL STATUS: A     FD AI
CO 02  EFF 07/09/05 EXP 07/09/06  TERM 12  AGT 84 07739 0000 AR 78 RO 78 PPO 78
IMPORTANT - THIS IS A LARGE LOSS/SUIT FILE                   S+?      CPO 78
INS1 SPAHR, TERRY D.               FINANCIAL ISU INSURANCE SVCS-ATWOOD AGCY
INS2                               AGENCY PLACERVILLE CA
ADDR 840 HILLCREST ST                 PHONE 530 626 2533        COUNTY    009
CITY EL SEGUNDO, CA
ZIP  902452026                           ST AGTNO PROD
HOME PHONE    310 322 3815       SERVICE 84 07739 0000
WORK PH INS1              EXT     AGENCY ISU INSURANCE SVCS-ATWOOD AGCY
WORK PH INS2              EXT             PLACERVILLE CA
                                         BILLING STATUS:

  REP NO RACF ID  NAME
1 83210 EWK013   WENDY KEHNEY 805-367-2115
2 80311 80311    JIM BARRATA- ATTY
3 81231 812311   SUPERIOR AUTO COLLISION
4
MANL/AUTO: A/N      NEW/RENEW: N     CLAIM HANDLING:     PROGRAM ID:
PRIOR CLAIM(S): N   MPD: N           AGIMC:              PRODUCT IND:


OUTSIDE REFERRAL: BRENDA OBRIEN
BRANCH REFERRAL : N  POLICY REMARKS: Y
TIME OF LOSS: 1205P      LOCATION: 501ORANGE THOURPE     ANAHEIM        CA
LOSS    I/V WAS STOPPED  A LIGHT O/C#1 REAR ENDED I/V I/V THEN REA
DESCR   R ENDED O/V#2
        ******  Redacted

REPORTED 072105   ASSOC CLAIM                          SALV     SUBR C1
REPORTED BY IND I
INDEXED 072105 TIME 0624P

ACCID    LOSS       CAT              RESV CLOSE  CLOSE  INSURED   PURGE
STATE  TYPE CAUSE   NO *-----SDIP------* STATUS CODE  DATE   STATE     DATE
 14     01             18              R                      04

CALL-UPS PENDING 000200   83200 001000   83210

REMARKS

                                                         CLM0303
```

**AMCO 03253**

```
(A) Passport.zws - PASSPORT                    November 25, 2009, 13:55:36

P/N        POLICY       PPA  0015335164 0 LOSS DATE 072105        CLAIM 84L41820
              AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION   PAGE 015 OF 073
CO 02   EFF 07/09/05  EXP 07/09/06     TERM 12    AGENT 78 84 07739
        * * * * *   FOLLOWING IS TO CONFIRM AC02 CLAIM REP UPDATE  * * * * *
01-09-07  9:32A CST ENTERED BY EFD007           FAITH DAVIS
          REP NO 81509 TED ECKMAN 805-367-2121          ADDED TO REP POSITION 1


        * * * * *   FOLLOWING IS TO CONFIRM AC02 CLAIM REP UPDATE  * * * * *
01-09-07  9:36A CST ENTERED BY EFD007           FAITH DAVIS
          REP NO 81509 TED ECKMAN 805-367-2121        DELETED FROM REP POSITION 1


        * * * * *   FOLLOWING IS TO CONFIRM AC02 CLAIM REP UPDATE  * * * * *
01-09-07  9:36A CST ENTERED BY EFD007           FAITH DAVIS
          REP NO 86114 NICOLE CURTIS 805-367-2181     ADDED TO REP POSITION 1


01-10-07  4:38P CST ENTERED BY ENC040           CURTIS, NICOLE
          INDEXED INSURED AND ADDED IN AS MUCH INFO AS KNOWN



          CONTACT PHASE:

              C O R R E S P O N D E N C E -

          CALLED ATTY OFFICE AND ADVISED I HAVE RECIEVED DEMAND HOWEVER
          WE NEED A NUMBER OF ITEMS TO PROCESS THE CLAIM. SW ASSISTANT
          WHO ADVISED ATTY NOT IN TO PLEASE SEND IN WRITING. ALSO ADVISED
          WE WILL NEED R/I AND WILL HAVE OUR FIELD CONTACT THEIR OFFICE TO
          SET IT UP. SHE U/S

        * * * * * * *  FOLLOWING IS TO CONFIRM AC31 FAX/EMAIL SENT * * * * *
01-10-07 INSTRUCTIONS TO:OTTB1           FROM:CURTIS, NICOLE       4:39PM N
          SPECIAL INSTRUCTIONS:
          PLEASE TASK A FACE TO FACE RECORDED STATEMENT FOR OUR INSURED UIM CLAI
          M.

01-10-07  6:11P CST ENTERED BY ENC040           CURTIS, NICOLE


          EVALUATION PHASE:
              ┌─────────────────────────────────────────┐
              │                 Redacted                 │
              └─────────────────────────────────────────┘

          MEDICAL BILLS 33,266.86
                                                          CLM0711
```

AMCO 03269

(A) Passport.zws - PASSPORT                      November 25, 2009, 13:55:41

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105       CLAIM 84L41820
             AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 016 OF 073
CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
          CC PAID LIMITS AT 15K
          OPEN MED EXPOSURE KNOWN 18K
          PLUS GENERALS

          Redacted

          NOTE:

          Redacted

          * * * * * * *  FOLLOWING IS TO CONFIRM AC31 FAX/EMAIL SENT * * * * *
01-10-07 INSTRUCTIONS TO:OTTB2           FROM:CURTIS, NICOLE        6:12PM N
          SPECIAL INSTRUCTIONS:
          Redacted

01-10-07  6:19P CST ENTERED BY ENC040            CURTIS, NICOLE
          ADDITIONAL COMMENTS-
                   F O L L O W - U P    P H A S E :
          ADDITIONAL COMMENTS-
                      Redacted

          FILE REVIEW
          UIM CLAIM EXPOSURES 500K
          DEMAND IN MEDS IN FILE ARE 33266.86
          CC LETTER OFFERING LIMITS IN FILE 15K

          NEED :
          (1)COPY OF THE CHECK AND SIGNED RELEASE
          (2)PROOF OF NO ADDITIONAL COVERAGE AND COURSE AND SCOPE FROM DCV
          (3)INSURED STATEMENT
          (4)VEHICLE INSPECTION AND PHOTOS
          (5)INDEX INFORMATION
                                                            CLM0711

                                            AMCO 03270

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:55:46

P/N       POLICY      PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
                AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 017 OF 073
CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739

          DEMAND IN WITH MEDICAL BILLS
          CCS TO BE DONE IN FILE

          R/I TO BE TASKED TO FIELD FOR FACE TO FACE

              COVERAGE PHASE:

                A U T O

          POLICY STATUS- (A)
          POLICY PERIOD-07/09/05        07/09/06
          COMPANY NAME-AMCO
          VEHICLE-    01 GMC    YUKON XL 1
          LISTED AUTO? / AUTO #-YES 01
          DRIVER-001  SPAHR, TERRY D.
          DRIVER LISTED/MEMBER OF HH-YES 001
          EXCLUDED DRIVER/ENDORSEMENTS-N/A
          APPLICABLE COVERAGE(S)- SEE BELOW
          ----------------------------Redacted----------------------------
          PRIOR LOSS ACTIVITY-N/A
          COVERAGE QUESTION(S)-PENDING PROOF UIM CLAIM VIA DOCUMENTATION

01-10-07  6:21P CST ENTERED BY ENC040          CURTIS, NICOLE
          500  BI CSL                          G04321      500000
          502  PD CSL                          G04321      500000
          543  COMPREHENSIVE                    G04321         100
          550  DED WAIVER                       G04321         500
          554  COLLISION                        G04321         500
          580  UNINS BI                         G04321      500000


              EVALUATION PHASE:

                L I A B I L I T Y    D E C I S I O N -

          CLMT REAR-END INSURED INTO CV2. NO COMPARATIVE NEGLIGENCE
          CC ACCEPTED 100% LIABILITY.

                                                          CLM0711


AMCO 03271

(A) Passport.zws - PASSPORT                         November 25, 2009, 13:55:51

P/N         POLICY       PPA  0015335164 0 LOSS DATE 072105       CLAIM 84L41820
                AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION   PAGE 018 OF 073
CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12     AGENT 78 84 07739
            INSURED 0% AT FAULT
            CLMT1- 100% AT FAULT
            CLMT2- 0% AT FAULT

01-11-07  3:56P CST ENTERED BY EBO023            OTT, BRIAN

                        MANAGER INVOLVEMENT:

            COMMENTS-

            REVWD THE CLAIM WITH THE HANDLING CA. REQUESTED A FIELD TASK FOR
            IN PERSON STATEMENT. THE VEHICLE INSPECTION IS IN THE FILE OF THE
            INSD'S VEHICLE. WE WILL NEED TO OBTAIN ALL MEDICAL RECORDS AND
            BILLING. APPEARS THERE IS A REDUCTION ON THE BILLS THAT HAVE BEEN
            PRESENTED BY THE INSD'S ATTNY. WE WILL PROBABLE HAVE TO HAVE THE
            RECORDS REVIEWED FOR REASONABLE AND NECESSARY. WE WILL NEED TO MAKE
            SURE THAT INDEX SEARCHES ARE CURRENT. _____Redacted_____
            _____Redacted_____
            _____

01-12-07  5:55P CST ENTERED BY ENC040     ·        CURTIS, NICOLE

            CONTACT PHASE:

                    S U B S E Q U E N T -

            RETURNED CALL TO MONICA
            3:51PM- ADVISED THAT IN ORDER TO PURSUE TO UMBI CLAIM WE
            NEED THEY NEED TO EXHAUST ALL OTHER AVENUES OF COVERAGE
            (IE THROUGH INTEROGGS) SHE ADVISED THEY DID NOT DO ANY
            DISCOVERY BUT WOULD A DECLARATION DUE? I ADVISED YES THAT
            WOULD WORK.

            I ALSO REQUESTED THE PHOTOS OF THE CLMT VEHICLES.

                                                            CLM0711

                                                    **AMCO 03272**

(A) Passport.zws - PASSPORT          November 25, 2009, 13:56:51

P/N      POLICY     PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
        AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION   PAGE 029 OF 073
CO 02    EFF 07/09/05   EXP 07/09/06    TERM 12    AGENT 78 84 07739
           S U B S E Q U E N T -

      CALLED MONICA AT INSD ATTY: SW MONICA AND ADVISED WE
      ARE IN NEED OF AUTH FOR SOUTH BAY ORTHOPEDIC AND WE
      HAVE REQUESTED ALL OTHER PROVIDERS AND ARE AWAITING THIER
      RECORDS.

      SHE WILL GET BACK TO ME ONCE SHE REVIEWS HER FILE.

      * * * FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION * * *
05-15-07 11:34A  ORDERED BY ENC040         CURTIS, NICOLE
      FORM#:11846      ED DATE:0494   ADDITIONAL TIME REQUIRED
      SENT TO: GOODMAN & METZ         17043 VENTURA BLVD.
           ENCINO CA 91316-4128

05-15-07 11:35A CST ENTERED BY ENC040       CURTIS, NICOLE
      RECIEVED CALL BACK FROM MONICA WHO ADVISED DR O'HARA WAS
      THE SAME AS SOUTH BAY ORTHOPEDIC.

05-18-07  5:54P CST ENTERED BY ENC040       CURTIS, NICOLE
      *******************************************************
      DEMAND FOR ARB TO TOLL STATUTE(PLACED IN AWD)
      *******************************************************

05-23-07  1:21P CST ENTERED BY EBO023         OTT, BRIAN

                MANAGER INVOLVEMENT:

          COMMENTS-

      REVWD WITH A.D. CHRIS WHITE. BASED UPON THE LIMITED INFORMATION THAT
      WE HAVE, IT IS NOW KNOWN THAT THE INSD HAS HAD 2 SURGERIES. ONE TO THE
      BACK AREA AND ONE TO THE NECK AREA. IT IS UNKNOWN WHAT PROCEDURE WAS
      COMPLETED FOR THE BACK BUT WE WERE ADVISED THAT THE INSD HAD 3 LEVELS
      OF HIS CERVICAL SPINE FUSED TOGETHER WITH PLATES INSERTED. HE WAS OFF
      OF WORK 4-6 WEEKS AND EARNS APPROXIMATELY $120K/YEAR (SALARY). [Redacted]

                          Redacted

                                                     CLM0711

AMCO 03283

```
(A) Passport.zws - PASSPORT                        November 25, 2009, 13:56:59

 P/N      POLICY      PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
          AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 030 OF 073
 CO 02     EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
          * * *  FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION  * * *
06-15-07  5:50P  ORDERED BY ENC040            CURTIS, NICOLE
          FORM#:11846      ED DATE:0494  ADDITIONAL TIME REQUIRED
          SENT TO: GOODMAN & METZ              17043 VENTURA BLVD.
                   ENCINO CA 91316-4128
```

06-20-07  3:52P CST ENTERED BY ENC040            CURTIS, NICOLE

FOLLOW-UP PHASE:

[Redacted]

DISCUSSED FILE WITH MANAGER AND IT APPEARS INSD ATTY HAS DELETED OR BLACKED OUT LARGE PORTIONS OF THE CLAIM AND WE ARE UNABLE TO REVIEW MEDS IN ENTIRETY AND WITH THE HANIF REDUCTIONS FROM HIS PRIMARY HEALTH INSURANCE BLUE CROSS PPO.

INSD ATTY HAD SENT IN REQUEST FOR UM ARB TO TOLL STATUE BUT HAS SINCE CALLED TO REQUEST STATUS AND WILL CONTINUE TO LITIGATION.

IUPDATED CCS WITH LATEST COMPEX INFORMATION RECIEVED

CALLED INSD ATTY AT 1:48PM THEY SAID THEY SENT OVER NON BLACKED OUT VERSION OF THE MEDS  AND WERE NOT CLAIMING LOE AND WOULD PREFFER NOT TO LIT IF POSS.

SW MONICA WHO WILL RESEND NON BLACKED OUT COPIES

I ADVISED I WOULD REVIEW MY FILE TO MAKE SURE THAT THE UNABRIDGED COPY WAS NOT RECIEVED.

07-02-07  5:35P CST ENTERED BY ENC040            CURTIS, NICOLE

FOLLOW-UP PHASE:

[Redacted]

CLM0711

**AMCO 03284**

(A) Passport.zws - PASSPORT                     November 25, 2009, 13:57:22

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105        CLAIM 84L41820
           AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION   PAGE 034 OF 073
CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
         MRI FILMS. FROM THE READING THE FILE & CCS, IT APPEARS THE CLMNT IS
         STILL HAVING RESIDUAL PAIN. HE HAS RECVD INJECTION & NERVE BLOCKS. DUE
         TO THIS REASON, ONCE THE RECORDS ARE OBTAINED, WE MAY FIND IT
         NECESSARY TO HAVE THE RECORDS REVIEWED AND/OR HAVE THE CLMNT SUBMIT TO
         AN IME. THE CA NEEDS TO CONTACT THE CLMNT ATTNY TO ADVISE HIM WHAT WE
         ARE DOING AND THEN FOLLOW IT UP IN WRITING WITH AN ADDITIONAL TIME LTR
         ADVISING HIM EVERYTHING THAT WE NEED IN ORDER TO PROPERLY EVALUATE HIS
         CLIENT'S CLAIM.


08-17-07  3:24P CST ENTERED BY ENC040          CURTIS, NICOLE

               F O L L O W - U P   P H A S E :

                      ┌─────────────────────────┐
                      │ Redacted                │
                      └─────────────────────────┘

         SENT LETTER TO INSD ATTY REQUESTING:

         1. YOUR CLIENT'S FILMS (PRIOR AND POST LOSS).
         2. COMPLETE RECORDS (PRIOR AND POST LOSS).
         3. WE MAY NEED TO HAVE AN IME DONE WITH OUR INSURED/ YOUR CLIENT.
         4. TAX RETURNS FOR THE 5 YEARS PRIOR TO THE LOSS.
         5. OCCUPATIONAL DUTIES.
         6. PLEASE PROVIDE US WITH YOUR CLIENT'S PRIMARY PHYSICIAN PRIOR TO THE
         ACCIDENT.

09-07-07  7:16P CST ENTERED BY ENC040          CURTIS, NICOLE
         STATUS LETTER WAS SENT INSURED'S ATTY OFFICE AND NO RESPONSE
         HAS BEEN RECIEVED TO DATE.

         * * * * * *  FOLLOWING IS TO CONFIRM AC02 CLAIM REP UPDATE  * * * * *
10-02-07  4:49P CST ENTERED BY EMM227          MARSHALL, MONICA
         REP POSITION 1 CHANGED FROM REP NO 86114 NICOLE CURTIS 805-367-2181
                            TO REP NO 88817 MONICA MARSHALL8005522437X336

10-02-07  6:29P CST ENTERED BY EMM227          MARSHALL, MONICA

               F O L L O W - U P   P H A S E :

                    RESOLUTION STRATEGY-

                                                        CLM0711




                                              **AMCO 03288**

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:57:29

P/N        POLICY     PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
           AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 035 OF 073
CO 02     EFF 07/09/05  EXP 07/09/06    TERM 12     AGENT 78 84 07739

           REV'D TRANSFER FILE.
           FACTS OF LOSS: C/V1 R/E I/V INTO C/V2
           COVERAGE      : AGREE WITH PRIOR REP'S COV DEC; COVERAGE OK FOR DOL.
                          DRIVER/VEHICLE LISTED; APPLICABLE COV 500K BI CSL
           STATEMENTS    : IVD TAKEN 1/24/07
           POLICE REPORT: N/A
           LIABILITY     : I AGREE WITH PRIOR REP'S LIAB DEC; 100% ADV TO C/V1;
                          0% ADV TO IVD; 0% ADV TO C/V2. NO COMP/NEG; CLMT A/F
                          FOR UNSAFE SPEED FOR CONDITIONS.
           FAULT LETTER : N/A- UIM CLAIM
           SDIP          : 18
           COVERAGE ANALYSIS: COMPLETED 1/10/07
           LIABILITY ANALYSIS: COMPLETED 7/22/05
           INJURIES      : CLMT 001- IVD- TERRY SPAHR- CERVICAL/LUMBAR; INSD HAS
                          HAD BACK/NECK SURGERY; WE NEED TO OBTAIN ALL PRIOR
                          RECORDS
           INDEX         : CURRENT- DUE 12/21/07
           PROP 213      : N/A-UIM CLAIM
           ATTORNEY      : GOODMAN & METZ
           CURRENT OFFER/DEMAND: INSD HAS SETTLED WITH C/C FOR 15K; UIM DEMAND
           ┌─────────────────────── Redacted ────────────────────────┐
           └──────────────────────────────────────────────────────────┘
           PRE-SUIT STRATEGY: F/U WITH ATTY FOR COMPLETE PRIOR AND POST LOSS
                          RECORDS

10-02-07  6:34P CST ENTERED BY EMM227          MARSHALL, MONICA

           CONTACT PHASE:

                  S U B S E Q U E N T -

           CALLED INSD'S ATTY'S OFFICE AND S/W MONICA. I ASKED FOR STATUS OF
           INFORMATION REQUESTED BY PRIOR ADJUSTER. SHE SAID THAT SHE DIDN'T
           HAVE STATUS RIGHT NOW. SHE IS GOING TO HAVE THE ATTORNEY, JORDAN
           METZ CALL ME TOMORROW TO DISCUSS THIS FILE.

                                                            CLM0711

AMCO 03289

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:57:34

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105     CLAIM 84L41820
                       AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 036 OF 073
CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
10-02-07  6:36P CST ENTERED BY EMM227            MARSHALL, MONICA

          CONTACT PHASE:

              C O R R E S P O N D E N C E -

          SENT NOW HANDLING LETTER TO ATTY VIA WORD.

10-08-07  5:30P CST ENTERED BY ELE017           LAURA K ELKINS

              MANAGER INVOLVEMENT:

              COMMENTS-

              Redacted

10-09-07 11:00A CST ENTERED BY EMM227            MARSHALL, MONICA

          CONTACT PHASE:

              S U B S E Q U E N T -

          CALLED ATTY JORDAN METZ. ATTY WAS NOT IN. LMTCB RE: NEED PRIOR MEDICAL
          RECORDS FOR INSD TERRY SPAHR.

10-23-07 11:03A CST ENTERED BY EMM227            MARSHALL, MONICA

          CONTACT PHASE:

              S U B S E Q U E N T -

          CALLED ATTY JORDAN METZ. LMTCB RE: NEED TO DISCUSS CLAIM FOR TERRY
          SPAHR. NEED ALL PRIOR MEDICAL RECORDS.

10-23-07 11:04A CST ENTERED BY EMM227            MARSHALL, MONICA

              F O L L O W - U P   P H A S E :



                                                 CLM0711

AMCO 03290

(A) Passport.zws - PASSPORT                    November 25, 2009, 13:57:39

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105        CLAIM 84L41820
              AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 037 OF 073
CO 02   EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739

```
  .-.-.=.=.=.=.=.=.=.=.=.=.=.=.-.-.-.-.-.-.-.
  |                Redacted                  |
  .-.=.=.=.=.=.=.=.=.=.=.=.=.=.-.-.-.-.-.-.-.
```

10-23-07 11:05A CST ENTERED BY EMM227              MARSHALL, MONICA

           INVESTIGATION PHASE:

                I N D E X    FOLLOW UP-

        RE-INDEXED CLMT TERRY SPAHR.

11-01-07 10:49A CST ENTERED BY EMM227              MARSHALL, MONICA

           CONTACT PHASE:

              S U B S E Q U E N T -

        CALLED ATTY JORDAN METZ TO DISCUSS CLAIM. LMOMTCB.

11-01-07 10:50A CST ENTERED BY EMM227              MARSHALL, MONICA

           F O L L O W - U P   P H A S E :
```
        .-.=.=.=.=.=.=.=.=.=.=.=.=.=.-.-.-.
        |              Redacted           |
        .-.=.=.=.=.=.=.=.=.=.=.=.=.-.-.-.-.
  .-.=.=.=.=.=.=.=.=.=.=.=.=.=.-.-.-.-.-.-.-.
  |                 Redacted               | INDEX IS CURRENT.
  .-.=.=.=.=.=.=.=.=.=.=.=.=.-.-.-.-.-.-.-.-.
```
        * * *  FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION  * * *
11-01-07 10:51A  ORDERED BY EMM227              MARSHALL, MONICA
        FORM#:11864      ED DATE:0494  ADVISE OF STATUS
        SENT TO: GOODMAN & METZ              ATTN: JORDAN METZ
               17043 VENTURA BLVD.           ENCINO CA 91316-4128


11-08-07 12:00P CST ENTERED BY EMM227              MARSHALL, MONICA

           CONTACT PHASE:

              S U B S E Q U E N T -

                                                          CLM0711




                                              **AMCO 03291**

(A) Passport.zws - PASSPORT                         November 25, 2009, 13:57:44

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105        CLAIM 84L41820
                   AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION   PAGE 038 OF 073
CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739

          CALLED L/O OF JORDAN METZ. S/W RECEPTIONIST MONICA. I ADVISED THAT
          WE NEED PRIOR RECORDS FOR CLMT TERRY SPAHR FOR THE 3 YEARS PRIOR TO
          THIS LOSS. SHE WILL ADVISE THE ATTY AND GET BACK TO ME.

12-03-07 11:07A CST ENTERED BY EMM227           MARSHALL, MONICA

          CONTACT PHASE:

               S U B S E Q U E N T -

          RECEIVED MSSG FROM MONICA AT L/O OF JORDAN METZ RE: THEY WOULD LIKE
          ANOTHER MED AUTH.

12-03-07 11:13A CST ENTERED BY EMM227           MARSHALL, MONICA

          CONTACT PHASE:

               C O R R E S P O N D E N C E -

          SENT ADDL MED AUTH TO ATTY.

12-03-07 11:14A CST ENTERED BY EMM227           MARSHALL, MONICA

               F O L L O W - U P   P H A S E :
          ┌───────────────────────────────┐
          │ ............Redacted............ │
          └───────────────────────────────┘
          CLMT'S ATTY IS GATHERING PRIOR 3 YEARS MEDICAL RECORDS.
     ┌───────────────────────────────┐
     │ ............Redacted............ │
     └───────────────────────────────┘
          INDEX IS CURRENT.

12-19-07 12:46P CST ENTERED BY EMM227           MARSHALL, MONICA

          CONTACT PHASE:

               S U B S E Q U E N T -

                                                        CLM0711

                                          **AMCO 03292**

(A) Passport.zws - PASSPORT                        November 25, 2009, 13:57:49

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
           AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 039 OF 073
CO 02   EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739

          CALLED ATTY JORDAN METZ. ATTY WAS NOT IN. LMTCB RE: STATUS OF PRIOR
        MEDICAL RECORDS FOR INSD TERRY SPAHR.

12-19-07 12:47P CST ENTERED BY EMM227              MARSHALL, MONICA

          F O L L O W - U P    P H A S E :

                    [ Redacted ]

                    [ Redacted ]

        INDEX IS CURRENT.

        * * *  FOLLOWING IS TO CONFIRM AC30 CORRESPONDENCE TRANSACTION  * * *
12-19-07 12:48P  ORDERED BY EMM227          MARSHALL, MONICA
        FORM#:11849      ED DATE:0494  ADDITIONAL INFORMATION REQUEST
        SENT TO: GOODMAN & METZ              ATTN: JORDAN METZ
                17043 VENTURA BLVD.          ENCINO CA 91316-4128


12-21-07 10:56A CST ENTERED BY EMM227 .            MARSHALL, MONICA

          CONTACT PHASE:

             S U B S E Q U E N T -

        RECEIVED V/M FROM MONICA AT L/O OF JORDAN METZ. SHE STATED THAT THEY
        FORWARDED THE AUTHORIZATION TO INSD TERRY SPAHR AND THEY ARE WAITING
        FOR THE INSD TO RETURN IT WITH THE LIST OF PRIOR MEDICAL PROVIDERS.
        THEY WILL SEND BACK SIGNED MED AUTH AS SOON AS POSSIBLE.

01-03-08 11:52A CST ENTERED BY EMM227              MARSHALL, MONICA

          F O L L O W - U P    P H A S E :

                    

        PENDING RETURN OF MED AUTH SIGNED BY INSD SO THAT I CAN REQUEST
                                                        CLM0711




                                          AMCO 03293

(A) Passport.zws - PASSPORT                          November 25, 2009, 13:57:54

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105        CLAIM 84L41820
                   AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 040 OF 073
CO 02     EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
          PRIOR RECORDS.

```
┌─ ═·═ ·═ ·═·═ ·═ ·═·═·═·═·═·═·═·═·═·═·═·═·┐
│ ═·═·═·═·═ Redacted ═·═·═·═·═·═·═·═·═·═·═·│
└─ ═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·─┘
```

          INDEX IS CURRENT.

01-16-08  9:46P CST ENTERED BY EMM227       MARSHALL, MONICA

              INVESTIGATION PHASE:

                 I N J U R Y -

          MIP? YES/NO/NA:
          BIOMECHANICAL? YES/NO/NA:

          SIGNED MED AUTH RECEIVED FROM INSD'S ATTY. FAXED MED AUTH TO
          COMPEX TO OBTAIN INSD'S PRIOR RECORDS.

01-23-08  6:00P CST ENTERED BY EMM227       MARSHALL, MONICA

              CONTACT PHASE:

                 C O R R E S P O N D E N C E -

          RECEIVED NOTICE FROM COMPEX RE: MEDICAL BILLS FOR INSD TERRY
          SPAHR SHOULD BE COPIED BY 2/7/08.

01-29-08  6:32P CST ENTERED BY EMM227       MARSHALL, MONICA

              F O L L O W - U P   P H A S E :



          PENDING RECEIPT OF MEDICAL RECORDS FROM COMPEX.

```
┌─ ═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·┐
│ ═·═·═·═·═·═·═ Redacted ═·═·═·═·═·═·═·═·═·│
└─ ═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·═·─┘
```

          INDEX IS CURRENT.

                                                    CLM0711

AMCO 03294

(A) Passport.zws - PASSPORT                              November 25, 2009, 13:57:59

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
                AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 041 OF 073
CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
02-26-08 10:38A CST ENTERED BY EMM227              MARSHALL, MONICA

            CONTACT PHASE:

                S U B S E Q U E N T -

        RETURNED CALL TO ATTY JORDAN METZ. LMOMTCB RE: PENDING COPY OF
        RECORDS FROM COMPEX.

02-26-08 10:38A CST ENTERED BY EMM227              MARSHALL, MONICA

            F O L L O W - U P    P H A S E :

                    --Redacted--

        COMPEX RECORDS WERE TO BE COPIED THIS MONTH. PENDING RECEIPT OF
        RECORDS FROM COMPEX.

                    --Redacted--

        INDEX IS CURRENT.

02-29-08 11:42A CST ENTERED BY EMM227              MARSHALL, MONICA

            CONTACT PHASE:

                S U B S E Q U E N T -

        CALLED COMPEX AND S/W CARLA. SHE STATED THAT SHE WILL FIND OUT IF
        RECORDS HAVE BEEN COPIED OR NOT AND IF NOT,WILL GET THEM OVER TO
        ME RIGHT AWAY.

03-19-08 10:16A CST ENTERED BY EMM227              MARSHALL, MONICA

            INVESTIGATION PHASE:

                I N D E X    FOLLOW UP-

        RE-INDEXED INSD TERRY SPAHR.

                                                        CLM0711

AMCO 03295

(A) Passport.zws - PASSPORT                          November 25, 2009, 13:58:04

P/N        POLICY     PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
              AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 042 OF 073
CO 02   EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
·03-26-08 11:12A CST ENTERED BY EMM227            MARSHALL, MONICA

              CONTACT PHASE:

                S U B S E Q U E N T -

          CALLED AND LMTCB ATTY JORDAN METZ RE: DISCUSSION OF CLAIM.

04-30-08  5:45P CST ENTERED BY EMM227             MARSHALL, MONICA

              F O L L O W - U P   P H A S E :

                      ┌───────────────────────────┐
                      ┆         Redacted           ┆
                      └───────────────────────────┘

     FILE PENDING FOR REVIEW OF MEDICAL REPORTS/BILLS FOR SETTLEMENT.

     * * * * * * *  FOLLOWING IS TO CONFIRM AC31 FAX/EMAIL SENT * * * * *
05-14-08 INSTRUCTIONS TO:SILVERC        FROM:MARSHALL, MONICA    2:56PM N
     SPECIAL INSTRUCTIONS:
     ********************* CMS REFERRAL ***********************
     CLAIMANT(S) TO BE REVIEWED: TERRY SPAHR
     COVERAGE TO BE REVIEWED: UM
     QUESTIONS FOR THE CMS TO ANSWER:
     PLEASE REVIEW MEDICAL RECORDS IN AWD AND DETERMINE IF INSD'S TREATMENT
     /ALLEGED INJURIES APPEAR RELATED TO LOSS.

     ANY TURNAROUND TIME NEEDS AND REASONS:

     * * * * * * *  FOLLOWING IS TO CONFIRM AC31 FAX/EMAIL SENT * * * * *
06-17-08 INSTRUCTIONS TO:MARSHAM9       FROM:ELKINS, LAURA K    11:08AM P
     SPECIAL INSTRUCTIONS:
     MONICA, PLEASE FOLLOW UP ON CMS; DOCUMENT FILE. BRING FILE UP TO DATE.
     DO WE HAVE ENOUGH INFO TO EVALUATE?

06-17-08 11:10A CST ENTERED BY ELE017             ELKINS, LAURA K

                  MANAGER INVOLVEMENT:

          COMMENTS-

                                                      CLM0711

AMCO 03296

(A) Passport.zws - PASSPORT                          November 25, 2009, 13:58:09

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105        CLAIM 84L41820
               AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 043 OF 073
CO 02   EFF 07/09/05  EXP 07/09/06   TERM 12    AGENT 78 84 07739

```
┌─────────────────────────────Redacted─────────────────────────────┐
└───────────────────────────────────────────────────────────────────┘
```

06-24-08 12:18P CST ENTERED BY EMM227            MARSHALL, MONICA

               INVESTIGATION PHASE:

                 M E D I C A L   R E C O R D S -

      CMS REVIEW OF PRIOR RECORDS: DAMAGES APPEAR CONSISTENT WITH LOSS;
      NOTED THAT CLMT AIRBAGS DID NOT DEPLOY AND THE I/V WAS DRIVEABLE
      FROM THE SCENE.

      CLMT IS 63 YEARS OLD AT TIME OF LOSS AND WAS EMPLOYED IN A
      PHYSICALLY DEMANDING JOB AND DROVE FOR LONG PERIODS OF TIME (
      REPORTED BY THE INSD TO DR. CHANIN IN 1996) AND THAT HE ALSO HAD
      CERVICAL ARTHRITIS AND RECURRENT COMPLAINTS OF BACK PAIN.

      INSD DID NOT REPORT ANY INJURIES IMMEDIATELY FOLLOWING THIS
      INCIDENT AND APPEARS TO HAVE CONTINUED WORKING IN THIS PHYSICALLY
      DEMANDING JOB. THE FIRST 4 MONTHS OF COMPLAINTS ONLY SUPPORTED
      NECK COMPLAINTS. IT WAS NOT UNTIL AFTER A LONG TRUCK RIDE, FOR
      WORK FROM CALIFORNIA TO IOWA, THAT THE INSD BEGAN REPORTING
      LOWER BACK PAIN- THAT APPEARS CONSISTENT WITH HIS REPORTED HISTORY
      FOR SPORADIC/RECURRENT BACK PAIN.

      INSD'S WORK HISTORY APPEARS CONSISTENT WITH INSD'S HISTORY OF BACK
      PAIN- INSD'S WORK REQUIRES DRIVING IN A WORK TRUCK AND THERE IS A
      A REFERENCE TO UNLOADING TIRES IN HIS PRE-MVA RECORDS. THE ACT OF
      LOADING/UNLOADING WOULD APPEAR TO REQUIRE LIFTING,BENDING,TWISTING/
      REPETITIVE MOVEMENTS.

      CLMT'S INCREASE IN WEIGHT MAY HAVE ALSO CONTRIBUTED TO HIS LOWER
      BACK PAIN

      THE INSD APPEARS TO HAVE HAD SIGNIFICANT CERVICAL AND LUMBAR
      DISEASE PRIOR TO THIS LOSS. THIS LOSS DOES NOT APPEAR TO HAVE
      CONTRIBUTED TO TO ANY ACUTE SPINAL TRAUMA. THE RETURN OF CERVICAL
      COMPLAINTS APPEARS TO SUPPORT INSD'S PRE-EXISTING AND PROGRESSIVELY
                                                              CLM0711

AMCO 03297

(A) Passport.zws - PASSPORT                          November 25, 2009, 13:58:14

```
 P/N      POLICY       PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
              AUTOMATED CLAIMS SYSTEM - ADDITIONAL INFORMATION  PAGE 044 OF 073
 CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12     AGENT 78 84 07739
          WORSENING DISEASE AS THE BASIS FOR THE INJECTION AND SURGICAL
          INTERVENTION VERSUS CASUALLY RELATED TO THE MVA.
```

06-24-08  7:08P CST ENTERED BY EMM227             MARSHALL, MONICA

              EVALUATION PHASE:

                  I N J U R Y

              MEDICAL BILLS -$13,768.47
              WAGE LOSS - 0.00
              EVALUATION OF INJURY -

      FILE CONFERENCED WITH A.D. AGREED TO SETT RANGE OF UP TO $38,768.47
      (SPECIALS + $25K GENERALS) IN AN EFFORT TO TRY AND RESOLVE AND GIVE
      INSD BENEFIT OF THE DOUBT WITH QUESTIONABLE ISSUES RE: BACK SURGERY.

      ┌─────────────────────────────────────────────────────────────┐
      │                         Redacted                            │
      └─────────────────────────────────────────────────────────────┘

      INSD HAS BEEN COMPENSATED 15K BY C/C.

06-24-08  7:09P CST ENTERED BY EMM227             MARSHALL, MONICA

              CONTACT PHASE:

                  S U B S E Q U E N T -

      CALLED ATTY JORDAN METZ. LMOMTCB RE: SETTLEMENT DISCUSSION.

06-25-08 10:47A CST ENTERED BY ELE017             ELKINS, LAURA K

                  MANAGER INVOLVEMENT:

              COMMENTS-

      RET CALL OF 6/23 TO ATTY METZ. LMTCB.

                                                          CLM0711

AMCO 03298

```
(A) Passport.zws - PASSPORT                      November 25, 2009, 14:08:43

  P/N       POLICY     PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
            AUTOMATED CLAIMS SYSTEM  -  RESERVE HISTORY
  CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
  INS1 SPAHR, TERRY D.                   INS2
  CLAIM REP WENDY KEHNEY 805-367-2115         ISU INSURANCE SVCS-ATWOOD AGCY
  CLAIM REP JIM BARRATA- ATTY                 PLACERVILLE CA
  OUTSIDE REFERAL BRENDA OBRIEN              STATUS R
  IMPORTANT - THIS IS A LARGE LOSS/SUIT FILE
  UNIT 0002   COV 554    COLLISION -    CLASS G04321    CLMNT 000   CLM CODE 05
```

| LOSS TYPE | CAUSE | CC/ LDI | CF | TRAN CODE | TRAN DATE | | PAYMENT AMOUNT | |
|---|---|---|---|---|---|---|---|---|
| 22 | | | | NEW | 07/22/05 | | | |
| 22 | | | | INC | 08/03/05 | | | |
| 22 | | | | PMT | 08/03/05 | Redacted | 2,520.75 | Redacted |
| 22 | | | CF | DEC | 08/15/05 | | | |
| 22 | | | | NEW | 08/19/05 | | | |
| 22 | | | | PMT | 08/19/05 | | 131.80 | |
| 22 | | | CF | DEC | 08/31/05 | | | |
| | | | | | * TOTALS | | 2,652.55 | |

```
  UNIT 0002   COV 580    UNINSURED MO    CLASS G04321    CLMNT 001   CLM CODE 71
```

| LOSS TYPE | CAUSE | CC/ LDI | CF | TRAN CODE | TRAN DATE | | PAYMENT AMOUNT | |
|---|---|---|---|---|---|---|---|---|
| 02 | | | | NEW | 01/10/07 | | | |
| 02 | | | | INC | 01/11/07 | | | |
| 02 | | | | INC | 05/23/07 | | | |
| 02 | | | | INC | 08/06/08 | Redacted | | Redacted |
| 02 | | | | INC | 02/20/09 | | | |
| 02 | | | | INC | 05/07/09 | | | |
| 01 | | | | INC | 06/03/09 | | | |
| 01 | | | | PMT | 06/03/09 | | 485,000.00 | |
| | | | | | * TOTALS | | 485,000.00 | |

AMCO 03338

(A) Passport.zws - PASSPORT                     November 25, 2009, 14:38:31

P/N       POLICY     PPA  0015335164   LOSS DATE 072105     CLAIM 84L41820
          AUTOMATED CLAIMS SYSTEM  -  ACCOUNT CLAIM INQUIRY         PAGE 01
          ***AC51 DISPLAYS CLAIMS FOR CURRENT YEAR PLUS 5 YEARS PRIOR***

INQ  LOSS DATE  CLAIM NO      POLICY NUMBER    CO  STAT CLOSE PURGED
     07/21/05   84L41820      PPA 0015335164  02   R   NO    NO
LOSS  I/V WAS STOPPED  A LIGHT O/C#1 REAR ENDED I/V I/V THEN REA       M/A
DESC: R ENDED O/V#2                                                     A
SUBR: CF              Claim Rep: WENDY KEHNEY 805-367-2115
SDIP CODES: 18
                          DR NAME SPAHR, TERRY D.                 DR NO 0001
LOSS LOCATION                       VEH DESCR       TYPE    YEAR    VIN
501ORANGE THOURPE    ANAHEIM      C    GMC           12      01     493

UNIT -----------COVERAGE------------  TOL  COL  LDI  ┌────Redacted────┐
0002 580     UNINSURED MOTORIST____   01            │                │
                                                     │    Redacted    │
                            ┌──────────────────┐     │                │
                            │    Redacted      │     └────────────────┘
                            └──────────────────┘

UNIT -----------COVERAGE------------  TOL  COL  LDI  AMOUNT PAID
0002 554     COLLISION - $500 DED     22                      261.02
0002 580     UNINSURED MOTORIST       01               485,000.00
                         INDEMNITY  TOTAL PAID         485,261.02

UNIT -----------COVERAGE------------  TOL  COL  LDI  AMOUNT PAID
0002 580  A  UNINSURED MOTORIST       02                57,009.12
0002 580  A  UNINSURED MOTORIST       01                83,307.12
                         ADJUSTMENT TOTAL PAID         140,316.24

                         **** GRAND TOTAL PAID         625,577.26


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

INQ  LOSS DATE  CLAIM NO      POLICY NUMBER    CO  STAT CLOSE PURGED
     04/21/08   84Q60887      PPA 0015335164  02   R   NO    NO
LOSS  NATIONWIDE CLAIM NUMBER:  72 04 20 124515 042108 01              M/A
DESC: PER PH ATTNY V1 NOT INVOLVED INSURED LOCATED IN V2 MEDICAL ONLY 2   A
SUBR:                     Claim Rep: PROJECT EAST CLAIM




AMCO 03340

(A) Passport.zws - PASSPORT                          November 25, 2009, 14:38:37

P/N        POLICY       PPA  0015335164    LOSS DATE 072105     CLAIM 84L41820
                AUTOMATED CLAIMS SYSTEM  -  ACCOUNT CLAIM INQUIRY        PAGE 02
           ***AC51 DISPLAYS CLAIMS FOR CURRENT YEAR PLUS 5 YEARS PRIOR***

SDIP CODES: 13
                              DR NAME TERRY D.   SPAHR              DR NO 0001
LOSS LOCATION                          VEH DESCR    TYPE    YEAR   VIN
CENTURY BLVD&405        EL SEGUN      C    GMC       12      01    493


UNIT -----------COVERAGE------------   TOL  COL  LDI   [Redacted]
0002 580    UNINSURED MOTORIST          02

[Redacted]                                      [Redacted]

**AMCO 03341**

(A) Passport.zws - PASSPORT                        November 25, 2009, 14:39:34

P/N       POLICY      PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
          AUTOMATED CLAIMS SYSTEM  -  DISPLAY OF UNDERWRITING MEMOS
CO 02   EFF 07/09/05  EXP 07/09/06   TERM 12   AGENT 78 84 07739   UNIT 0002

INSURED:    SPAHR, TERRY D.
POLICY NO:       PPA  0015335164              EXPIRATION DATE: 07/09/06
AGENCY:     ISU INSURANCE SVCS-ATWOOD AGCY    PLACERVILLE CA
CLAIM NO:    84L41820   INSURED STATE 04       CURRENT
LOSS DATE:   07/21/05       MANL/AUTO: A       SDIP CODES: 18
DRIVER: 0001 SPAHR, TERRY D.                   S0494406
            EL SEGUNDO              CA         902452026
ASSIGNED TO: WENDY KEHNEY 805-367-2115         JIM BARRATA- ATTY
            SUPERIOR AUTO COLLISION
LOSS DESCRIPTION:
        I/V WAS STOPPED  A LIGHT O/C#1 REAR ENDED I/V I/V THEN REA
        R ENDED O/V#2
        ******| Redacted |

07/22/05
REMARKS:    TERRY & JUDY HURT. NO FAULT UPON INSD.




REMARKS:




REMARKS:

                                                              CLM0503



                                        **AMCO 03344**

```
P/N        POLICY        PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
                    LARGE LOSS AND/OR SUIT INFORMATION INQUIRY
                    UNIT NUMBER 0002     INDEX NUMBER 0001      LARGE   STAFF
CO    EFF DATE    EXP DATE    BR   ST   AGENT    CREATED    SUIT   LOSS   RECORD
02   07/09/05    07/09/06    78   84   07739    05/23/07           L
SUIT CLOSING DATE
```

```
INS1 SPAHR, TERRY D.                    DRIVER NAME SPAHR, TERRY D.
INS2
STR  840 HILLCREST ST                   VEH INFO 01   GMC     3GKEC16T61G191
CITY EL SEGUNDO, CA
ZIP 902452026                               INS ST 04      STAT TERR 017
```

```
SUMMARY OF ACCIDENT:
I/V WAS STOPPED  A LIGHT O/C#1 REAR ENDED I/V I/V THEN REA
R ENDED O/V#2
ENTERED BY: EBO023    TRAN CODE: AC05
```

CLM1604

AMCO 03345

(A) Passport.zws - PASSPORT                     November 25, 2009, 14:40:13

P/N        POLICY      PPA  0015335164 0 LOSS DATE 072105        CLAIM 84L41820
                                       Redacted
                     UNIT NUMBER 0002    INDEX NUMBER 0001

****------------------TOTAL PAID----------------****

CLMT                     CLAIM                    CC
NO        COVERAGE       CODE    AMOUNT PAID      CF

000   554  COLLISION  -  05                       CF
000   580A UNINSURED MO  71                       CC
001   580  UNINSURED MO  71      485,000.00



                                                        CLM1608

AMCO 03348

(A) Passport.zws - PASSPORT                          November 25, 2009, 14:41:25

P/N          POLICY      PPA  0015335164 0 LOSS DATE 072105          CLAIM 84L41820
             AUTOMATED CLAIMS SYSTEM  -  [Redacted]
CO 02    EFF 07/09/05  EXP 07/09/06    TERM 12    AGENT 78 84 07739
INS1 SPAHR, TERRY D.                    INS2
CLAIM REP WENDY KEHNEY 805-367-2115              ISU INSURANCE SVCS-ATWOOD AGCY
CLAIM REP JIM BARRATA- ATTY                      PLACERVILLE CA
OUTSIDE REFERAL BRENDA OBRIEN                    STATUS R
IMPORTANT - THIS IS A LARGE LOSS/SUIT FILE
UNIT 0002    COV 554    COLLISION -    CLASS G04321    CLMNT 000    CLM CODE 05

| LOSS | CC/ | TRAN | TRAN | | PAYMENT | |
| TYPE CAUSE LDI | CF | CODE | DATE | | AMOUNT | |
| 22 | | NEW | 07/22/05 | | | |
| 22 | | INC | 08/03/05 | | | |
| 22 | | PMT | 08/03/05 | Redacted | 2,520.75 | Redacted |
| 22 | CF | DEC | 08/15/05 | | | |
| 22 | | NEW | 08/19/05 | | | |
| 22 | | PMT | 08/19/05 | | 131.80 | |
| 22 | CF | DEC | 08/31/05 | | | |
| | | | * TOTALS | | 2,652.55 | |

UNIT 0002    COV 580    UNINSURED MO    CLASS G04321    CLMNT 001    CLM CODE 71

| LOSS | CC/ | TRAN | TRAN | | PAYMENT | |
| TYPE CAUSE LDI | CF | CODE | DATE | | AMOUNT | |
| 02 | | NEW | 01/10/07 | | | |
| 02 | | INC | 01/11/07 | | | |
| 02 | | INC | 05/23/07 | | | |
| 02 | | INC | 08/06/08 | Redacted | | Redacted |
| 02 | | INC | 02/20/09 | | | |
| 02 | | INC | 05/07/09 | | | |
| 01 | | INC | 06/03/09 | | | |
| 01 | | PMT | 06/03/09 | | 485,000.00 | |
| | | | * TOTALS | | 485,000.00 | |

**AMCO 03353**

```
(A) Passport.zws - PASSPORT                      November 25, 2009, 14:41:50

P/N        POLICY     PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
                     AUTOMATED CLAIMS SYSTEM  -  PAYMENT HISTORY
CO 02    EFF 07/09/05  EXP 07/09/06     TERM 12    AGENT 78 84 07739
INS1 SPAHR, TERRY D.                    INS2

UNIT 0002   COV 554    COLLISION -     CLASS G04321     CLMNT 000   CLM CODE 05
     CHECK                    TRAN   CHECK M CC SD   DEPOSIT LOSS      ADJ  BLDG
     NUMBER       AMOUNT      DATE    DATE T CF IP R  DATE   TYPE CA   LDI   NO.
    278458144     2,520.75  080305 080305 I    18            22
              PAY TO: SPAHR, TERRY D.                                 IRS
    278460681       131.80  081905 081905 P    18            22
              PAY TO: BRYANT'S INGLEWOOD SERVICE                      IRS 953617215
    271739830       500.00  091305 091305 P CF 18            22
              PAY TO: SPAHR, TERRY D.                            888 IRS
          CHECK NO: COLL1      REMIT: COLL1
                  2,891.53-                                SUBRO CREDIT TOTAL

       ***   3,152.55                                      TOTAL PAID

       ***     261.02                                      NET PAID

UNIT 0002   COV 580 A UNINSURED MO    CLASS G04321     CLMNT 000   CLM CODE 71
     CHECK                    TRAN   CHECK M CC SD   DEPOSIT LOSS      ADJ  BLDG
     NUMBER       AMOUNT      DATE    DATE T CF IP R  DATE   TYPE CA   LDI   NO.
    278678964    [Redacted]  090408 090408 O CC 18            02
              PAY TO: GRANT GENOVESE AND BARATTA, LLP           IRS 330834911
    278698082    [Redacted]  121508 121508 O CC 18            02                 L
              PAY TO: GRANT GENOVESE AND BARATTA, LLP           IRS 330834911
    004979884     3,537.50  121508 121508 O CC 18            02                 L
              PAY TO: ADR SERVICES INC.                         IRS 200098025
    278705915       862.50  030309 030309 O CC 18            02
              PAY TO: ADR SERVICES, INC.                        IRS 200098025
    278706364     1,437.50  030909 030909 O CC 18            02
              PAY TO: ADR SERVICES, INC.                        IRS 200098025
    278707840     2,012.50  032509 032509 O CC 18            02
              PAY TO: ADR SERVICES, INC.                        IRS 200098025
```

**AMCO 03355**

(A) Passport.zws - PASSPORT                      November 25, 2009, 14:42:06

P/N       POLICY      PPA  0015335164 0 LOSS DATE 072105      CLAIM 84L41820
                 AUTOMATED CLAIMS SYSTEM  - [Redacted]
CO 02    EFF 07/09/05  EXP 07/09/06   TERM 12   AGENT 78 84 07739
INS1 SPAHR, TERRY D.                 INS2
CLAIM REP WENDY KEHNEY 805-367-2115          ISU INSURANCE SVCS-ATWOOD AGCY
CLAIM REP JIM BARRATA- ATTY                  PLACERVILLE CA
OUTSIDE REFERAL BRENDA OBRIEN                STATUS R
IMPORTANT - THIS IS A LARGE LOSS/SUIT FILE
UNIT 0002    COV 554    COLLISION -    CLASS G04321    CLMNT 000    CLM CODE 05

| LOSS TYPE | CAUSE | CC/LDI CF | TRAN CODE | TRAN DATE | | PAYMENT AMOUNT | |
|---|---|---|---|---|---|---|---|
| 22 | | | NEW | 07/22/05 | | | |
| 22 | | | INC | 08/03/05 | | | |
| 22 | | | PMT | 08/03/05 | Redacted | 2,520.75 | Redacted |
| 22 | | CF | DEC | 08/15/05 | | | |
| 22 | | | NEW | 08/19/05 | | | |
| 22 | | | PMT | 08/19/05 | | 131.80 | |
| 22 | | CF | DEC | 08/31/05 | | | |
| | | | * TOTALS | | | 2,652.55 | |

UNIT 0002    COV 580    UNINSURED MO    CLASS G04321    CLMNT 001    CLM CODE 71

| LOSS TYPE | CAUSE | CC/LDI CF | TRAN CODE | TRAN DATE | | PAYMENT AMOUNT | |
|---|---|---|---|---|---|---|---|
| 02 | | | NEW | 01/10/07 | | | |
| 02 | | | INC | 01/11/07 | | | |
| 02 | | | INC | 05/23/07 | | | |
| 02 | | | INC | 08/06/08 | Redacted | | Redacted |
| 02 | | | INC | 02/20/09 | | | |
| 02 | | | INC | 05/07/09 | | | |
| 01 | | | INC | 06/03/09 | | | |
| 01 | | | PMT | 06/03/09 | | 485,000.00 | |
| | | | * TOTALS | | | 485,000.00 | |

AMCO 03358

(A) Passport.zws - PASSPORT                                November 25, 2009, 14:48:22

P/N        POLICY     PPA  0015335164 0 LOSS DATE 072105        CLAIM 84L41820
              AUTOMATED CLAIMS SYSTEM  -  [ Redacted ]
CO 02    EFF 07/09/05   EXP 07/09/06    TERM 12    AGENT 78 84 07739
INS1 SPAHR, TERRY D.                      INS2
CLAIM REP WENDY KEHNEY 805-367-2115           ISU INSURANCE SVCS-ATWOOD AGCY
CLAIM REP JIM BARRATA- ATTY                   PLACERVILLE CA
OUTSIDE REFERAL BRENDA OBRIEN                 STATUS R
IMPORTANT - THIS IS A LARGE LOSS/SUIT FILE
UNIT 0002    COV 554    COLLISION -    CLASS G04321    CLMNT 000   CLM CODE 05

| LOSS TYPE | CAUSE | LDI | CC/ CF | TRAN CODE | TRAN DATE | | PAYMENT AMOUNT | |
|-----------|-------|-----|--------|-----------|-----------|--|----------------|--|
| 22 | | | | NEW | 07/22/05 | | | |
| 22 | | | | INC | 08/03/05 | | | |
| 22 | | | | PMT | 08/03/05 | Redacted | 2,520.75 | Redacted |
| 22 | | | CF | DEC | 08/15/05 | | | |
| 22 | | | | NEW | 08/19/05 | | | |
| 22 | | | | PMT | 08/19/05 | | 131.80 | |
| 22 | | | CF | DEC | 08/31/05 | | | |
| | | | | | * TOTALS | | 2,652.55 | |

UNIT 0002    COV 580    UNINSURED MO    CLASS G04321    CLMNT 001   CLM CODE 71

| LOSS TYPE | CAUSE | LDI | CC/ CF | TRAN CODE | TRAN DATE | | PAYMENT AMOUNT | |
|-----------|-------|-----|--------|-----------|-----------|--|----------------|--|
| 02 | | | | NEW | 01/10/07 | | | |
| 02 | | | | INC | 01/11/07 | | | |
| 02 | | | | INC | 05/23/07 | | | |
| 02 | | | | INC | 08/06/08 | Redacted | | Redacted |
| 02 | | | | INC | 02/20/09 | | | |
| 02 | | | | INC | 05/07/09 | | | |
| 01 | | | | INC | 06/03/09 | | | |
| 01 | | | | PMT | 06/03/09 | | 485,000.00 | |
| | | | | | * TOTALS | | 485,000.00 | |

AMCO 03392

# EXHIBIT "2"

1  John F. Denove, Esq., CSB #68825
   William M. Karns, CSB #238599
2  **CHEONG, DENOVE, ROWELL & BENNETT**
   **A Law Partnership including a Professional Corporation**
3  10100 Santa Monica Boulevard, Suite 2460
   Los Angeles, California 90067
4  (310) 277-4857   Fax No.: (310) 277-5254

5  Attorneys for Plaintiff, **TERRY SPAHR**

6

7

8                    **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  TERRY SPAHR,                    CASE NO.: CV 09-09174 PA (AGRx)

12         Plaintiff,               **REQUEST FOR PRODUCTION OF**
                                    **DOCUMENTS, SET NO. ONE**
13     v.

    AMCO INSURANCE COMPANY,         Complaint filed:  October 14, 2009
14  et al.,                         Trial Date:       None Set

15         Defendants.

16

17

18  PROPOUNDING PARTY:       Plaintiff TERRY SPAHR

19  RESPONDING PARTY:        Defendant AMCO INSURANCE COMPANY

20  SET NO.:                 TWO (2)

21

22  TO:   DEFENDANT AMCO INSURANCE COMPANY AND TO ITS ATTORENYS OF

23        RECORD:

24

25        Plaintiff TERRY SPAHR hereby requests, pursuant to Federal Rules of Civil

26  Procedure, Rules 26 and 34, that Defendant AMCO INSURANCE COMPANY produce and

27  permit inspection and copying of the hereinafter described **WRITINGS** and other tangible

28  things.

## DEFINITIONS/INSTRUCTIONS

All **WRITINGS** and items in the possession, custody or control of Defendant and within the scope described hereinafter are requested to be specifically identified in your written response and thereafter produced by Defendant for inspection and copying by attorneys or agents of Plaintiff, thirty (30) days from the date of the service of this request, at the law offices of Cheong, Denove, Rowell & Bennett, 10100 Santa Monica Boulevard, Suite 2460, Los Angeles, California 90067, or at such prior time or place as may be agreed upon by counsel for said Plaintiff.

In answering these requests for production of documents, furnish all information that is available to you, including information that is in the possession of your attorneys, experts, insurers and agents.

Unless otherwise specified, words in **CAPITALS** are defined as follows:

"**DOCUMENT**" includes, but is not limited to, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information may be obtained.

"**WRITING**" means and refers to that term as it has been interpreted pursuant to Federal Rules of Evidence, including transcripts of oral communications, photographs, videotapes and films, and recorded communications on tape or disk.

"**SUBJECT CLAIM**" means and refers to plaintiff's claim for UIM benefits which was the subject of the underlying demand submitted on June 15, 2007 and arbitration proceedings arising therefrom.

//
//
//
//
//
//

## DOCUMENTS AND/OR CATEGORIES OF DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:** All DOCUMENTS and WRITINGS that set forth reserve amounts relating to the SUBJECT CLAIM. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS.

**REQUEST NO. 2:** All DOCUMENTS and WRITINGS that set forth any analyses/evaluation relating to the amount of the reserves. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS.

Dated: July 12, 2010                    CHEONG, DENOVE, ROWELL & BENNETT

By:_____
William M. Karns
Attorneys for Plaintiff

**REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

**PROOF OF SERVICE**
Case Name: *Spahr v. AMCO Insurance Company, et al.*
Case Number: CV-091974 PA (AGRx); BC423748

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within entitled action; my business address is 10100 Santa Monica Boulevard, Suite 2460, Los Angeles, California 90067.

On July 12, 2010, I caused the documents described as:

### REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE

to be served on the interested parties in said action as follows:

☒   by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

### SEE ATTACHED SERVICE LIST

☒   **BY MAIL**: I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with this firm's practice of collecting and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

☒   **BY ELECTRONIC TRANSFER:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via the Court's Electronic Case Filing system ("ECF") as required by the United States District Court for the Central District of California. A transmission stamped on each page indicates that the documents identified above were properly served by way of the Court's ECF system.

☐   **BY OVERNIGHT COURIER**: I caused such envelope to by placed for collection and delivery on this date in accordance with standard delivery procedures.

☐   **BY FAX**: In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐   **BY PERSONAL SERVICE**: I personally delivered such envelope by hand to the offices of the addressee(s).

☒   [Federal]   I declare under penalty of perjury that the foregoing is true and correct.  I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on July 12, 2010, at Los Angeles, California.

JERRY BERGER

**PROOF OF SERVICE**

1

**PROOF OF SERVICE**

**Case Name:** *Spahr v. AMCO Insurance Company, et al.*

2

**Case Number**: CV-091974 PA (AGRx); BC423748

3

4

**SERVICE LIST**

5   James Fitzgerald, Esq.                          Attorneys for Defendant **AMCO**
    Jason R. Bendel, Esq.                           **INSURANCE COMPANY**
6   Brian Fodera, Esq.                              (310) 556-5800 (O)
    STROOCK & STROOCK & LAVAN, LLP                  (310) 556-5959 (F)
7   2029 Century Park East, Suite 1600
    Los Angeles, CA 90067

8
    Paul K. Schrieffer, Esq.                        Attorneys for Defendant **ATWOOD**
9   Michelle McCoy Wolfe, Esq.                      **INSURANCE AGENCY dba ISU**
    P.K. Schrieffer LLP                             **INSURANCE SERVICES-ATWOOD**
10  100 North Barranca Street, Suite 1100           **AGENCY**
    West Covina, CA 91791                           (626) 373-2444 (O)
11                                                  (626) 974-8403 (F)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "3"

1   STROOCK & STROOCK & LAVAN LLP
2   JAMES E. FITZGERALD (State Bar No. 108785)
    *jfitzgerald@stroock.com*
3   JASON R. BENDEL (State Bar No. 212774)
    *jbendel@stroock.com*
4   BRIAN FODERA (State Bar No. 246391)
    *bfodera@stroock.com*
5   2029 Century Park East
6   Los Angeles, California 90067-3086
    Telephone: 310-556-5800
7   Facsimile: 310-556-5959

8   Attorneys for Defendants
9   AMCO Insurance Company and
    Allied Property and Casualty Insurance Company
10  (erroneously served as Allied Insurance)

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15  TERRY SPAHR,                    )  Case No. CV 09-9174 PA (AGRx)
                                     )
16              Plaintiff,           )  (The Honorable Percy Anderson)
                                     )
17       vs.                         )  AMCO INSURANCE COMPANY'S
                                     )  RESPONSE TO REQUEST FOR
18  AMCO INSURANCE COMPANY, an       )  PRODUCTION OF DOCUMENTS,
    Iowa corporation; ALLIED         )  SET ONE
19  INSURANCE; ATWOOD INSURANCE      )
    AGENCY, a California corporation, )
20  doing business as ISU INSURANCE  )
    SERVICES-ATWOOD AGENCY; and      )
21  DOES 1 through 100, inclusive.   )
                                     )
22              Defendants.          )
                                     )
23                                   )

24

25  PROPOUNDING PARTY:    Plaintiff TERRY SPAHR

26  RESPONDING PARTY:     Defendant AMCO INSURANCE COMPANY

27  SET NUMBER:           One (1)

28



STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    Defendant AMCO Insurance Company ("AMCO") hereby responds to the

2    Request for Production of Documents, Set One, propounded by Plaintiff as follows:

3    **GENERAL STATEMENT**

4    1.    AMCO has not completed its investigation of the facts relating to this

5    case, nor has it completed its discovery or preparation for trial.  The responses herein

6    are made on the basis of information and documents presently available to AMCO.

7    There may be other and further information and documents of which AMCO is

8    unaware.  Therefore, AMCO reserves the right to offer and/or rely on subsequently

9    discovered information or documents at trial, or on information omitted from these

10   responses as the result of any good faith oversight, error or mistake.

11   2.    The responses herein are made solely for the purpose of this action.

12   AMCO reserves the right to object to the use of any response in any other action.  By

13   providing information in response to any request for production, inspection and

14   copying of documents, AMCO does not intend to authorize the use of such

15   information in any action other than the one at bar, nor does it waive any right it may

16   have to object to further use of the information provided in this action or any other

17   action, and thus reserves any and all rights it may have to object to such further use.

18   3.    No incidental or implied admissions are intended by the responses

19   herein.  The fact that AMCO has responded or objected to any request for

20   production, inspection and copying of documents or part thereof is not intended as an

21   admission that AMCO accepts or admits the existence of any facts set forth or

22   assumed by such request for production, inspection and copying of documents, or

23   that such response or objection constitutes admissible evidence.  The fact that

24   AMCO has provided information in response to a part or all of any request for

25   production, inspection and copying of documents is not intended as a waiver by

26   AMCO of any other objection to all or part of that request for production, inspection

27   and copying of documents or any other request for production, inspection and

28   copying of documents.  AMCO objects to the extent that any request for production,

-1-
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1   inspection and copying of documents herein is overbroad, unduly burdensome, not

2   relevant and not reasonably calculated to lead to the discovery of admissible

3   evidence in this case.

4       4.      AMCO generally objects to any request for production, inspection and

5   copying of documents herein which seeks to invade the attorney-client privilege

6   and/or the work product doctrine.  AMCO has not waived any of its rights to assert

7   the attorney-client privilege and/or work product doctrine with regard to any request

8   for production, inspection and copying of documents herein.  Any inadvertent

9   disclosure of such privileged information or documents in response to these requests

10  is unintentional and shall not act as a waiver of AMCO's rights to assert such

11  privileges and protections.

<u>**GENERAL OBJECTIONS**</u>

12

13      The general objection listed below is applicable to and is hereby incorporated

14  into each and every response by AMCO to these requests, and each response is made

15  without waiving the general objection.

16      1.      AMCO objects to these requests to the extent they seek privileged

17  information, including information encompassed by the attorney-client privilege, the

18  attorney work-product doctrine, privacy rights of third parties (including but not

19  limited to the Insurance Privacy and Protection Act and any similar laws), or any

20  other applicable privilege.  Any inadvertent disclosure by AMCO of information that

21  is protected as an attorney-client communication or as attorney work product, or that

22  is otherwise immune from discovery, shall not constitute a waiver of any privilege or

23  of any other ground for objecting to discovery with respect to such information, or of

24  AMCO right to object to the use of any such information during this litigation, at

25  trial or otherwise.

26      Incorporating the general objection above into each response below, AMCO

27  responds to the individual Request for Production of Documents as follows:

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-2-

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All DOCUMENTS and WRITINGS that set forth reserve amounts relating to the SUBJECT CLAIM. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS.

**RESPONSE TO REQUEST NO. 1:**

AMCO objects to this request on the grounds that it seeks documents that are not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. AMCO further objects to this request on the ground that that it seeks documents that are confidential and/or proprietary. AMCO further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney-work product doctrine, or any other privilege.

**REQUEST NO. 2:**

All DOCUMENTS and WRITINGS that set forth any analyses/evaluation relating to the amount of the reserves. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS.

**RESPONSE TO REQUEST NO. 2:**

AMCO objects to this request on the grounds that it seeks documents that are not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. AMCO further objects to this request on the ground that that it seeks documents that are confidential and/or proprietary. AMCO further

///
///
///
///
///
///

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-3-

1   objects to this request to the extent it seeks documents protected from disclosure by

2   the attorney-client privilege, attorney-work product doctrine, or any other privilege.

3

4                                STROOCK & STROOCK & LAVAN LLP

5                                JAMES E. FITZGERALD

6                                JASON R. BENDEL
                                 BRIAN FODERA

7

8                   By: _____

9                             Brian Fodera
                         Attorneys for Defendants

10                 AMCO Insurance Company and Allied
              Property and Casualty Insurance Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-4-

LA 51289825

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA        )

3                                              )  ss

COUNTY OF LOS ANGELES      )

4

5          I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029

6    Century Park East, Suite 1600, Los Angeles, CA 90067-3086.

7          On August 11, 2010, I served the foregoing document(s) described as:  AMCO INSURANCE COMPANY'S RESPONSE TO REQUEST FOR PRODUCTION OF

8    DOCUMENTS, SET ONE on the interested parties in this action as follows:

9    **John F. Denove, Esq.**

**William M. Karns, Esq.**

10   **Cheong, Denove, Rowell & Bennett**

**10100 Santa Monica Blvd., Ste. 2460**

11   **Los Angeles, CA 90067**

**Tel: (310) 277-4857**

12   **Fax: (310) 277-5254**

*Attorneys for Plaintiff*

13

14   ☒    **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and

15         processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at

16         Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for

17         collection and mailing on this same date following ordinary business practices, addressed as set forth above.

18   ☒    **(VIA PERSONAL SERVICE)**  By causing to be delivered the

19         document(s) listed above to the person(s) at the address(es) set forth above.

20

21         I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

22         I declare under penalty of perjury under the laws of the United States and the

23   State of California that the above is true and correct.

24         Executed on August 11, 2010, at Los Angeles, California.

25

26   _____          _____

       Sandra Avalos                                   [Signature]

       Print Name

27

28

LA 51289825

*Left margin:* STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**EXHIBIT "4"**

CHEONG, DENOVE, ROWELL & BENNETT

A LAW PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

10100 SANTA MONICA BOULEVARD

SUITE 2460

LOS ANGELES, CALIFORNIA 90067

(310) 277-4857

CHEONG & DENOVE
A PROFESSIONAL CORPORATION
WILKIE CHEONG
JOHN F. DENOVE
MARY M. BENNETT

JOHN D. ROWELL
___

ALICIA S. CURRAN
WILLIAM M. KARNS

FACSIMILE:
(310) 277-5254

August 16, 2010

***VIA FAX NO. 310-556-5959 & U.S. MAIL***

Jason R. Bendel, Esq.
Stroock & Stroock & Lavan, LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

      **Re:**   **Spahr v. AMCO**

Dear Jason:

      I am in receipt of AMCO Insurance Company's Response to Request for Production of Documents, Set One, and take issue with your client's objections thereto. I would like to discuss the matter face-to-face and, toward that end, please consider the following:

      On June 25, 2010, I wrote to you concerning documents relating to loss reserve information and analysis which you designated as privileged in your initial disclosure. At that time, you indicated that you would provide only redacted documents. In response to my letter, you still refused to provide the information.

      On July 12, 2010, I served plaintiff's Request for Production of Documents, Set One, seeking the following:

1.    All DOCUMENTS and WRITINGS that set forth reserve amounts relating to the SUBJECT CLAIM.  If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS; and

2.    All DOCUMENTS and WRITINGS that set forth any analyses/evaluation relating to the amount of the reserves. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS.

Jason R. Bendel, Esq.
August 16, 2010
Re:    Spahr v. AMCO
Page 2

Your response to these requests offer nothing but objections, primarily on the grounds of attorney work-product, attorney-client privilege, privacy rights of third parties, relevancy, and that the documents sought were confidential and/or proprietary.

Plaintiff has a single cause of action against AMCO: Breach of the Implied Covenant of Good Faith and Fair Dealing. Plaintiff alleges AMCO acted unreasonably and in bad faith in the adjustment of Plaintiff's underinsured motorist (UIM) claim. Plaintiff alleges that AMCO consciously offered unreasonably low settlement amounts, failed to thoroughly investigate, and delayed the payment of the claim.

AMCO produced its claims file as a part of its Initial Disclosure. Redacted from its claims file are 1) loss reserves information; and 2) the analysis that went into setting the loss reserves information.

Loss reserves are a dollar figure set by the insurer that represents the amount anticipated to be sufficient to pay a claim. Insurance Code section 923.5 requires insurers to maintain loss reserves on UIM claims. Loss reserves directly relate to the insurers evaluation of a claims damages. Although other loss reserves include costs to defend a claim, in the context of a UIM claim they must also "provide for...settlement of losses and claims." (*Id.*)

As required by statute AMCO set loss reserves in the Plaintiff's UIM claim. As part of that figure AMCO was required to consider and incorporate the cost of settlement. AMCO also had extensive analysis that presumably supported the specific amount of the loss reserves. AMCO now refuses to produce the amount of the loss reserves, and the analysis in support of that amount. This is improper. Loss reserves are relevant and discoverable in bad faith actions.

*Lipton v. Superior Court* (1996) 48 Cal.App.4th 1599 and its progeny are clear: loss reserves are relevant in a bad faith action.

"...[L]oss reserve information might have some relevance to the question of whether a reasonable likelihood of an excess verdict existed or the insurer had conducted a proper investigation or given reasonable consideration to all of the factors involved in a specific case which might expose its insured to an excess verdict." (*Id.* at 1614.)

Loss reserve information here is relevant to the likelihood of an excess verdict/award. Plaintiff's UIM arbitration award of over $1,000,000.00 was more than double the remaining policy limits of $485,000.00. (The final award was reduced to the remaining policy limits of $485,000.) Low loss reserves will show AMCO gave reasonable consideration to all of the factors in the Plaintiff's UIM claim. Loss reserves will show whether AMCO conducted a proper and thorough investigation. Again, low loss reserves will show AMCO did not

Jason R. Bendel, Esq.
August 16, 2010
Re:    Spahr v. AMCO
Page 3

thoroughly investigate the claim, and consider facts which supported payment. Loss reserves are directly relevant to what has been described in bad faith law as the "self conscious disconnect."

The "self conscious disconnect" describes a situation in with the insurer places a value on the claim, but consciously offers the insured far less than that value. This is relevant to showing a breach of the implied covenant of good faith and fair dealing by failing to make fair settlement offers as required by California Insurance Code section 790.03 (h)(5). Essentially, the insurer is short changing the insured in settlement offers in hopes the claim can resolve for less than the insurer believes it is worth.

The "self conscious disconnect" was recently recognized in *Flintkote Co. v. Gen. Accident Assur. Co.*, 2009 U.S. Dist. LEXIS 44066, 10-12 (N.D. Cal. May 26, 2009), involving an asbestos claim:

> "Since reserves are set for claims that the insurer might be liable to pay, the reserves may indicate an estimate of the amount that defendant believed or knew it would have to pay for plaintiff's asbestos-related claims. This information may be relevant to showing the difference between what defendant thought it would have to pay and its communications with plaintiff regarding its evaluation of the scope of the loss." (*Id.*)

According to the court in *Flintkote*, evidence showing "a self-conscious disconnect" between what the insurer actually thought its losses might be and its conduct toward the insured in regards to the claims was relevant to the bad faith allegations asserted. On this basis, the court determined that the reserve information sought was discoverable. The court also concluded that the insurer was required to disclose the information because it could lead to the discovery of admissible evidence.

There are a litany of cases which expand the circumstances in which loss reserve information is discoverable. Perhaps most broadly, the amount of reserves set by an insurer is relevant in a bad faith action brought by an insured which it is claimed that the insurer has failed to act reasonably or fairly in the adjustment and settlement of employee claims. (See, e.g., *Security Officers Service v. State Compensation Ins. Fund* (1993) 17 Cal.App.4th 887, 898; and *Mission Ins. Group, Inc. v. Merco Construction Engineers, Inc.* (1983) 147 Cal.App.3d 1059, 1066. The fact these cases refer to work comp carriers does not distinguish the underlying principle. In fact, in the work comp insured is the employer not injured employee whose claim is being adjusted. Loss reserves are even discoverable in this seemingly attenuated position.

Jason R. Bendel, Esq.
August 16, 2010
Re:    Spahr v. AMCO
Page 4

The amount of the reserves set by the insurer and its loss experience directly affect the amount of the insured's premiums and/or the dividends to which the insured might otherwise be entitled. "When an insurance policy contains a retrospective premium feature, an insurer's failure to act reasonably when adjusting claims automatically subjects the insured to greater financial obligations in the form of increased premium rates." (*Security Officers Service*, supra, 17 Cal.App.4th at p. 897.) The Plaintiff was a long time policy holder of AMCO and would be subject to potential premium increases due to statutory loss reserve setting/reporting requirements.

The analysis that went into setting the reserves are also relevant. The analysis shows the relative factors that went into setting the reserves. Its discovery will show what was allotted to paying the claim. The analysis will only tend to strengthen the relevance of the reserve information. An insurer may argue that there are a number of factors beyond settlement value that go into setting loss reserves.

I cannot proceed with depositions of AMCO employees without the loss reserve information and analysis. I will, however, be willing to stipulate to a protective order. If you are unwilling to provide further responses to the production requests, please contact me so that we may meet to discuss the matter. If we are unable to resolve the matter, I will prepare a Joint Stipulation so that the Court can make the decision for us.

Very truly yours,

CHEONG, DENOVE, ROWELL & BENNETT

WILLIAM M. KARNS

WMK:jb

# Confirmation Report — Memory Send

```
Page        : 001
Date & Time: Aug-16-2010  07:00am
Line 1      : +13102775254
Line 2      :
Machine ID : Cheong Denove
```

| | | |
|---|---|---|
| Job number | : | 363 |
| Date | : | Aug-16 06:58am |
| To | : | ☎13105565959 |
| Number of pages | : | 004 |
| Start time | : | Aug-16 06:58am |
| End time | : | Aug-16 07:00am |
| Pages sent | : | 004 |
| Status | : | OK |

Job number      : 363          *** SEND SUCCESSFUL ***

**CHEONG, DENOVE, ROWELL & BENNETT**
A LAW PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION
10182 SANTA MONICA BOULEVARD
SUITE 2460
LOS ANGELES, CALIFORNIA 90067
(310) 277-4857

CHEONG & DENOVE
A PROFESSIONAL CORPORATION
WILKIE CHEONG
JOHN F. DENOVE
MARY M. BENNETT

JOHN D. ROWELL

AHILA S. CURRAN
WILLIAM M. KARNS

FACSIMILE:
(310) 277-5254

August 16, 2010

*VIA FAX NO. 310-556-5959 & U.S. MAIL*

Jason R. Bendel, Esq.
Stroock & Stroock & Lavan, LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Re:     Spahr v. AMCO

Dear Jason:

I am in receipt of AMCO Insurance Company's Response to Request for Production of Documents, Set One, and take issue with your client's objections thereto. I would like to discuss the matter face-to-face and, toward that end, please consider the following:

On June 25, 2010, I wrote to you concerning documents relating to loss reserve information and analysis which you designated as privileged in your initial disclosure. At that time, you indicated that you would provide only redacted documents. In response to my letter, you still refused to provide the information.

On July 12, 2010, I served plaintiff's Request for Production of Documents, Set One, seeking the following:

1.      All DOCUMENTS and WRITINGS that set forth reserve amounts relating to the SUBJECT CLAIM.  If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS; and

2.      All DOCUMENTS and WRITINGS that set forth any analyses/evaluation relating to the amount of the reserves. If any part of any such DOCUMENTS has been redacted, please provide a restored, unredacted version of said DOCUMENTS.

# EXHIBIT "5"

1  John F. Denove, Esq., CSB #68825
   William M. Karns, Esq.  CSB# 238599
2  **CHEONG, DENOVE, ROWELL & BENNETT**
   **A Law Partnership including a Professional Corporation**
3  10100 Santa Monica Boulevard, Suite 2460
   Los Angeles, California 90067
4  (310) 277-4857   Fax No.: (310) 277-5254

5  Attorneys for Plaintiff, **TERRY SPAHR**

6

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11 TERRY SPAHR,                        CASE NO.: CV 09-09174 PA (AGRx)

12         Plaintiff,                  **JOINT STIPULATION UNDER LOCAL**
                                       **RULE 37 RE: PLAINTIFF'S REQUESTS**
13 v.                                  **FOR PRODUCTION OF DOCUMENTS,**
                                       **SET NO. ONE**
14 AMCO INSURANCE COMPANY,
   et al.,
15                                     Complaint filed:      October 14, 2009
           Defendants.                 Discovery Cut-Off:    October 4, 2010
16                                     Pretrial Conference:  November 19, 2010
                                       Trial Date:           December 14, 2010
17

18

19

20

21 _**PLAINTIFF'S INTRODUCTORY STATEMENT:**_

22        Plaintiff has a single cause of action against AMCO: Breach of the Implied Covenant

23 of Good Faith and Fair Dealing.  Plaintiff alleges AMCO acted unreasonably and in bad

24 faith in the adjustment of Plaintiff's underinsured motorist (UIM) claim.  Plaintiff alleges

25 that consciously offered unreasonably low settlement amounts in an effort to have its insured

26 accept a settlement amounts far below the value of the claim, failed to thoroughly

27 investigate, and delayed the payment of the claim.

28

H:\_S\Spahr AMCO BF\plead\Joint Stipulation re RFP #1.wpd          1                                          JHB

**JOINT STIPULATION UNDER LOCAL RULE 37 RE:**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

1       AMCO produced its claims file as a part of its Initial Disclosure. Redacted from its

2   claims file are 1) loss reserve amounts; and 2) the analysis that went into setting the loss

3   reserves amounts. Plaintiff served a Request for Production of Documents, Set One, on

4   Defendant containing two requests. The first sought all writings setting forth reserve

5   amounts on the subject claim. The second that set forth any analyses/evaluation relating to

6   the amount of the reserves. Defendant objected, and will not produce unredacted versions

7   of its claims file containing loss reserves and analysis.

8       Loss reserves are a dollar figure set by the insurer that represents the amount

9   anticipated to be sufficient to pay a claim. Insurance Code section 923.5 requires insurers

10   to maintain loss reserves on UIM claims. Loss reserves directly relate to the insurers

11   evaluation of a claims damages. Although other loss reserves include costs to defend a

12   claim, in the context of a UIM claim they must also "provide for...settlement of losses and

13   claims." (Id.)

14       As required by statute AMCO set loss reserves in the Plaintiff's UIM claim. As part

15   of that figure AMCO was required to consider and incorporate the claimed damages.

16   AMCO also had extensive analysis that presumably supported the specific amount of the

17   loss reserves. AMCO refuses to produce the amount of the loss reserves, and the analysis

18   in support of that amount. This is improper. Loss reserves are discoverable.

19       On June 25, 2010, plaintiff's counsel, William M. Karns, wrote to Jason R. Bendel

20   of the law firm of Stroock & Stroock & Lavan, LLP, AMCO's counsel, concerning

21   documents relating to loss reserve information and analysis which were designated as

22   privileged in the initial disclosure. (**See Exhibit "1" hereto**.) At that time, Mr. Bendel

23   indicated that he would provide only redacted documents. In response to Mr. Karns' letter,

24   Mr. Bendel refused to provide the information.

25       On July 12, 2010, Plaintiff's Request for Production of Documents, Set One,

26   (**Exhibit "2" hereto**) was served on AMCO's counsel seeking the following:

27       1.    All DOCUMENTS and WRITINGS that set forth reserve amounts relating

28             to the SUBJECT CLAIM. If any part of any such DOCUMENTS has been

1    redacted, please provide a restored, unredacted version of said
2    DOCUMENTS; and

3    2.    All DOCUMENTS and WRITINGS that set forth any analyses/evaluation
4    relating to the amount of the reserves. If any part of any such DOCUMENTS
5    has been redacted, please provide a restored, unredacted version of said
6    DOCUMENTS.

7    AMCO's did not produce the unredacted version of its claims file.   AMCO
8    objections included attorney work-product, attorney-client privilege, privacy rights of third
9    parties, relevancy, and that the documents sought were confidential and/or proprietary. (A
10   true and correct copy of AMCO's Response to Request for Production of Documents, Set
11   One, is attached hereto as **Exhibit "3"**.)

12   On August 10, 2010, Mr. Karns wrote to Mr. Bendel asking to meet with him face-to-
13   face to discuss AMCO's objections in an attempt to resolve the matter. Mr. Karns offered
14   to stipulate to a protective order, but Mr. Bendel is unwilling to provide further responses
15   to the production requests. (**Exhibit "4".**)  Mr. Bendal refused to produce the unredacted
16   claims file showing reserves and case evaluation.  Mr. Karns and Mr. Bendal met in person
17   on August 18, 2010.  Mr. Bendal did not change his position.

18   Because the parties have been unable to obtain a resolution, they now seek the
19   Court's assistance.
20   //
21
22
23
24
25
26
27
28

1   _**DEFENDANT'S INTRODUCTORY STATEMENT:**_

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION UNDER LOCAL RULE 37 RE:**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

1    *VERBATIM REQUESTS FOR PRODUCTION OF DOCUMENTS AND*

2    *DEFENDANT'S RESPONSE THERETO:*

3

4    *PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 1 AND 2*

5    *SOUGHT FROM DEFENDANT AMCO INSURANCE COMPANY:*

6    **REQUEST NO. 1:**

7    All DOCUMENTS and WRITINGS that set forth reserve amounts relating to the

8    SUBJECT CLAIM. If any part of any such DOCUMENTS has been redacted, please

9    provide a restored, unredacted version of said DOCUMENTS.

10    **REQUEST NO. 2:**

11    All DOCUMENTS and WRITINGS that set forth any analyses/evaluation relating

12    to the amount of the reserves. If any part of any such DOCUMENTS has been redacted,

13    please provide a restored, unredacted version of said DOCUMENTS.

14

15    *DEFENDANT'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS*

16    *NOS. 1 AND 2:*

17    **GENERAL OBJECTIONS**

18    The general objection listed below is applicable to and is hereby

19    incorporated into each and every response by AMCO to these requests, and

20    each response is made without waiving the general objection.

21    1.    AMCO objects to these requests to the extent they seek

22    privileged information, including information encompassed by the attorney-

23    client privilege, the attorney work-product doctrine, privacy rights of third

24    parties (including but not limited to the Insurance Privacy and Protection Act

25    and any similar laws), or any other applicable privilege. Any inadvertent

26    disclosure by AMCO of information that is protected as an attorney-client

27    communication or as attorney work product, or that is otherwise immune from

28    discovery, shall not constitute a waiver of any privilege or of any other ground

1   for objecting to discovery with respect to such information, or of AMCO right

2   to object to the use of any such information during this litigation, at trial or

3   otherwise.

4   　　　Incorporating the general objection above into each response below,

5   AMCO responds to the individual Request for Production of Documents as

6   follows:

7

8   **RESPONSE TO REQUEST NOS. 1 AND 2:**

9   　　　AMCO objects to this request on the grounds that it seeks documents

10  that are not relevant to this action and not reasonably calculated to lead to the

11  discovery of admissible evidence. AMCO further objects to this request on

12  the ground that it seeks documents that are confidential and/or proprietary.

13  AMCO further objects to this request to the extent it seeks documents

14  protected from disclosure by the attorney-client privilege, attorney-work

15  product doctrine, or any other privilege.

16

17  //

18  //

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION UNDER LOCAL RULE 37 RE:**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

1    ***PLAINTIFF'S CONTENTIONS RE: ISSUES IN DISPUTE RE: PLAINTIFF'S***

2    ***REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 1 AND 2 SOUGHT FROM***

3    ***DEFENDANT AMCO INSURANCE COMPANY:***

4        Loss reserves are a dollar figure set by the insurer that represents the amount

5    anticipated to be sufficient to pay a claim. Insurance Code section 923.5 requires insurers

6    to maintain loss reserves on UIM claims. Loss reserves directly relate to the insurers

7    evaluation of a claims damages. Although other loss reserves include costs to defend a

8    claim, in the context of a UIM claim they must also "provide for...settlement of losses and

9    claims." (Id.)

10       As required by statute AMCO set loss reserves in the Plaintiff's UIM claim. As part

11   of that figure AMCO was required to consider and incorporate the claimed damages.

12   AMCO also had extensive analysis that presumably supported the specific amount of the

13   loss reserves. AMCO refuses to produce the amount of the loss reserves, and the analysis

14   in support of that amount. This is improper. Loss reserves are discoverable.

15       *Lipton v. Superior Court* (1996) 48 Cal.App.4th 1599 and its progeny are clear: loss

16   reserves are relevant in a bad faith action.

17       "...[L]oss reserve information might have some relevance to the question of

18       whether a reasonable likelihood of an excess verdict existed or the insurer had

19       conducted a proper investigation or given reasonable consideration to all of

20       the factors involved in a specific case which might expose its insured to an

21       excess verdict." (*Id.* at 1614.)

22       The situations in which the *Lipton* held loss reserves discoverable are all applicable

23   in this case.

24       First, AMCO's loss reserves, and the analysis supporting them, are relevant to the

25   question of whether a reasonable likelihood of an excess verdict/award existed. Plaintiff's

26   UIM arbitration award of over $1,000,000.00 was more than double the remaining policy

27   limits of $485,000.00. (The final award was reduced to the remaining policy limits of

28   $485,000.) Assume that AMCO set reserves at or above the policy limit. This would show

1  that AMCO always knew the value of the claim was in excess of the policy limits, that such

2  limits should have been paid  well before Mr. Spahr was forced to arbitrate the claim.

3      Second, AMCO's loss reserves, and the analysis supporting them, are relevant to the

4  question of whether a proper investigation was conducted.  If AMCO loss reserves were set

5  well below the policy limit it tends to show that AMCOs investigation was improper and

6  biased.  This is particularly applicable when the award is over half a million dollars in

7  excess of the policy limits.

8      Third, AMCO's loss reserves, and the analysis supporting them, are relevant to the

9  question of whether AMCO gave reasonable consideration to all of the factors involved in

10  the claim.  If the loss reserves were well below the policy limits it tends to show that AMCO

11  did not give reasonable consideration to the factors involved in the claim.  It would tend to

12  show that AMCO chose to give consideration to factors that supported the position of the

13  insurer over factors that supported the position of its insured.  This constitutes a biased

14  investigation.

15      Loss reserves, and supporting analysis, are directly relevant to what has been

16  described in bad faith law as the "self conscious disconnect."  The "self conscious

17  disconnect" describes a situation in with the insurer places a value on the claim, but

18  consciously offers the insured far less than that value.  This is relevant to showing a breach

19  of the implied covenant of good faith and fair dealing by failing to make fair settlement

20  offers as required by California Insurance Code section 790.03 (h)(5).  Essentially, the

21  insurer is short changing the insured in settlement offers in hopes the claim can resolve for

22  less than the insurer believes it is worth.

23      The "self conscious disconnect" was recently recognized in *Flintkote Co. v. Gen.*

24  *Accident Assur. Co.*, 2009 U.S. Dist. LEXIS 44066, 10-12 (N.D. Cal. May 26, 2009),

25  involving an asbestos claim:

26      "Since reserves are set for claims that the insurer might be liable to pay, the

27      reserves may indicate an estimate of the amount that defendant believed or

28      knew it would have to pay for plaintiff's asbestos-related claims.  This

**JOINT STIPULATION UNDER LOCAL RULE 37 RE:**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

information may be relevant to showing the difference between what defendant thought it would have to pay and its communications with plaintiff regarding its evaluation of the scope of the loss." (*Id.*)

According to the court in *Flintkote*, evidence showing a "self-conscious disconnect" between what the insurer actually thought its losses might be and its conduct toward the insured in regards to the claims was relevant to the bad faith allegations asserted. On this basis, the court determined that the reserve information sought was discoverable. The court also concluded that the insurer was required to disclose the information because it could lead to the discovery of admissible evidence.

The "self conscious disconnect" is alleged in this case in paragraphs 29, 31, and 35 of the Complaint. The discovery of AMCO's loss reserves, and supporting analysis, will show whether AMCO engaged in a pattern of conduct in which it offered its insured amounts lower than what he was entitled to under the contract. The discoverable information will show whether AMCO knew from the beginning what it would have to pay.

The amount of the reserves set by the insurer and its loss experience directly affect the amount of the insured's premiums and/or the dividends to which the insured might otherwise be entitled. "When an insurance policy contains a retrospective premium feature, an insurer's failure to act reasonably when adjusting claims automatically subjects the insured to greater financial obligations in the form of increased premium rates." (*Security Officers Service*, supra, 17 Cal.App.4th at p. 897.) Loss reserves will show whether AMCO had a practice of setting unreasonably high reserve amounts so it could establish an artificial basis for increasing premium rates. The Plaintiff was a long time policy holder of AMCO insurance and would be subject to potential premium increases due to statutory loss reserve setting/reporting requirements.

There are a litany of cases which expand the circumstances in which loss reserve information is discoverable. Perhaps most broadly, the amount of reserves set by an insurer is relevant in a bad faith action brought by an insured which it is claimed that the insurer has failed to act reasonably or fairly in the adjustment and settlement of employee claims. (See,

1   e.g., *Security Officers Service v. State Compensation Ins. Fund* (1993) 17 Cal.App.4th 887,

2   898; and *Mission Ins. Group, Inc. v. Merco Construction Engineers, Inc.* (1983) 147

3   Cal.App.3d 1059, 1066.) The fact these cases refer to work comp carriers does not negate

4   the underlying principle. In fact, in the work comp insured is the employer not injured

5   employee whose claim is being adjusted. Loss reserves are even discoverable in this

6   seemingly attenuated position.

7        The analysis and evaluation of the claim was also redacted. How a carrier evaluates

8   a claim is central issue in a bad faith case. Paying an insured less than he or she is owed is

9   evidence of bad faith. (*Major v. Western Home Ins. Co.* (2009) 169 Cal.App.4th 1197,

10  1209.) If AMCO evaluated the claim above the policy limits but offered the insured far less

11  then AMCO is in bad faith. The fact this is possible makes case evaluation possible.

12  Plaintiff should be allowed to discover what AMCO's evaluation of the claim was.

13       The information sought is not protected by the attorney work-product doctrine. The

14  work product doctrine protects from discovery documents and tangible things prepared by

15  a party or his representative in anticipation of litigation. (See FRCP 23(b)(3)(A).) Reserve

16  loss information and analysis is not prepared in anticipation of subsequent litigation.

17  Reserve loss are made because the Insurance Code requires it. As such, the attorney work

18  product doctrine should not apply.

19       With regard to AMCO's claim that the documents sought are protected by the

20  attorney-client communications, *Flintkote, supra*, at *18, makes it clear that the attorney-

21  client privilege cannot be stretched to "cover documents where claims handlers or attorneys

22  acting solely as claim handlers discuss their opinion of the [] policy."

23       As set forth in *Flintkote* at *16-18:

24            "Attorney-client   privilege   protects   the   confidentiality   of

25       communications between attorney and client made for the purpose of

26       obtaining legal advice. The purpose of the attorney-client privilege is to

27       encourage 'full and frank communication between attorneys and their clients

28       and thereby promote broader public interests in the observance of law and the

**JOINT STIPULATION UNDER LOCAL RULE 37 RE:**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

administration of justice.' *Upjohn*, 449 U.S. at 389. The Ninth Circuit has set forth the following essential elements of the attorney-client privilege: (1) where legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at this instance permanently protected, (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *Admiral Ins. Co.*, 881 F.2d at 1492, citing *In re Fischel*, 557 F.2d 209 (9th Cir. 1977). The attorney-client privilege also extends to the attorney's advice in response to the client's communication. *In re Fischel*, 557 F.2d at 211."

As in *Flintkote*, if the documents being sought reflect communications between AMCO's attorney and officers for the purpose of obtaining legal advice, then the privilege would apply. However, if the redacted portions of the documents consist of opinions of claims handlers, rather than advice from counsel, then the privilege would not apply.

It is unclear from AMCO's initial disclosure whether the redacted portions of reserve information and the analysis contain legal advice or simply the opinions of claims handlers. Plaintiff would have no objection should AMCO be willing to submit to an *in camera* review of the documents and, as stated, plaintiff would also be willing to stipulate to a protective order.

//
//

1    **_PLAINTIFF'S STATEMENT RE: MEET AND CONFER PROPOSALS:_**

2        On June 25, 2010, plaintiff's counsel, William M. Karns, wrote to Jason R. Bendel

3 of the law firm of Stroock & Stroock & Lavan, LLP, AMCO's counsel, concerning

4 documents relating to loss reserve information and analysis which were designated as

5 privileged in the initial disclosure. At that time, Mr. Bendel indicated that he would provide

6 only redacted documents. In response to Mr. Karns' letter, Mr. Bendel refused to provide

7 the information.

8        In response to Plaintiff's Requests for Production of Documents, Set One, AMCO

9 once again refused to provide the documents sought, offering nothing but objections as

10 described herein.

11        On August 10, 2010, Mr. Karns wrote to Mr. Bendel asking to meet with him face-to-

12 face to discuss AMCO's objections in an attempt to resolve the matter. Mr. Karns also

13 offered to stipulate to a protective order.

14        On August 18, 2010, Mr. Karns and Mr. Bendel met and discussed the matter, but

15 Mr. Bendel was unwilling to provide further responses to the production requests or to

16 provide unredacted documents. At this point, the parties are firmly entrenched in their

17 respective positions.

18

19    //

20    //

21

22

23

24

25

26

27

28

**JOINT STIPULATION UNDER LOCAL RULE 37 RE:**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

1  ***DEFENDANT'S CONTENTIONS RE: ISSUES IN DISPUTE RE: PLAINTIFF'S***

2  ***REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 1 AND 2 SOUGHT FROM***

3  ***DEFENDANT AMCO INSURANCE COMPANY:***

**JOINT STIPULATION UNDER LOCAL RULE 37 RE:**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

1   ***DEFENDANT'S STATEMENT RE: MEET AND CONFER PROPOSALS:***

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **IT IS SO STIPULATED.**

2

3    Dated: August ___, 2010                    CHEONG, DENOVE, ROWELL & BENNETT

4                                               By_____
                                                      WILLIAM M. KARNS
5                                               Attorneys for Plaintiff TERRY SPAHR

6
     Dated: August ___, 2010                    STROOCK & STROOCK & LAVAN, LLP
7

8                                               By_____
                                                      JASON R. BENDEL
9                                               Attorneys for Defendant
                                                AMCO INSURANCE COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION UNDER LOCAL RULE 37 RE:**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

**PROOF OF SERVICE**

**Case Name:** *Spahr v. AMCO Insurance Company, et al.*
**Case Number:** CV-091974 PA (AGRx); BC423748

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 10100 Santa Monica Boulevard, Suite 2460, Los Angeles, California 90067.

On August 19, 2010, I caused the documents described as:

**JOINT STIPULATION UNDER LOCAL RULE 37 RE: PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

to be served on the interested parties in said action as follows:

☒   by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐   **BY MAIL**: I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

☐   **BY ELECTRONIC TRANSFER**: I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via the Court's Electronic Case Filing system ("ECF") as required by the United States District Court for the Central District of California. A transmission stamped on each page indicates that the documents identified above were properly served by way of the Court's ECF system.

☐   **BY OVERNIGHT COURIER**: I caused such envelope to by placed for collection and delivery on this date in accordance with standard delivery procedures.

☐   **BY FAX**: In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☒   **BY PERSONAL SERVICE**: I personally delivered such envelope by hand to the offices of the addressee(s).

☒   [Federal]   I declare under penalty of perjury that the foregoing is true and correct. I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on August 19, 2010, at Los Angeles, California.

Courtney Estorga
Courtney Estorga

**PROOF OF SERVICE**

1

**PROOF OF SERVICE**

Case Name: *Spahr v. AMCO Insurance Company, et al.*

2

Case Number: CV-091974 PA (AGRx); BC423748

3

4

**SERVICE LIST**

5

James Fitzgerald, Esq.
Jason R. Bendel, Esq.

Attorneys for Defendant **AMCO INSURANCE COMPANY**

6

Brian Fodera, Esq.
STROOCK & STROOCK & LAVAN, LLP

(310) 556-5800 (O)
(310) 556-5959 (F)

7

2029 Century Park East, Suite 1600
Los Angeles, CA 90067

8

9

Paul K. Schrieffer, Esq.
Michelle McCoy Wolfe, Esq.

Attorneys for Defendant **ATWOOD INSURANCE AGENCY dba ISU**

P.K. Schrieffer LLP

**INSURANCE SERVICES-ATWOOD**

10

100 North Barranca Street, Suite 1100
West Covina, CA 91791

**AGENCY**
(626) 373-2444 (O)
(626) 974-8403 (F)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**PROOF OF SERVICE**
Case Name: *Spahr v. AMCO Insurance Company, et al.*
Case Number: CV-091974 PA (AGRx); BC423748

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within entitled action; my business address is 10100 Santa Monica Boulevard, Suite 2460, Los Angeles, California 90067.

     On August 24, 2010, I caused the documents described as:

**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF UNREDACTED RESERVE INFORMATION AND ANALYSIS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF WILLIAM M. KARNS; EXHIBITS**

to be served on the interested parties in said action as follows:

☒    by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with this firm's practice of collecting and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

☒    **BY ELECTRONIC TRANSFER:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via the Court's Electronic Case Filing system ("ECF") as required by the United States District Court for the Central District of California. A transmission stamped on each page indicates that the documents identified above were properly served by way of the Court's ECF system.

☐    **BY OVERNIGHT COURIER:** I caused such envelope to by placed for collection and delivery on this date in accordance with standard delivery procedures.

☐    **BY FAX:** In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐    **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

☒    [Federal]    I declare under penalty of perjury that the foregoing is true and correct.  I am employed in the office of a member of the bar of this court, at whose direction the service was made.

     Executed on August 24, 2010, at Los Angeles, California.

JERRY BERGER

---

**PROOF OF SERVICE**

**PROOF OF SERVICE**
Case Name: *Spahr v. AMCO Insurance Company, et al.*
Case Number: CV-091974 PA (AGRx); BC423748

**SERVICE LIST**

James Fitzgerald, Esq.
Jason R. Bendel, Esq.
Brian Fodera, Esq.
STROOCK & STROOCK & LAVAN, LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Attorneys for Defendant **AMCO INSURANCE COMPANY**
(310) 556-5800 (O)
(310) 556-5959 (F)

Paul K. Schrieffer, Esq.
Michelle McCoy Wolfe, Esq.
P.K. Schrieffer LLP
100 North Barranca Street, Suite 1100
West Covina, CA 91791

Attorneys for Defendant **ATWOOD INSURANCE AGENCY dba ISU INSURANCE SERVICES-ATWOOD AGENCY**
(626) 373-2444 (O)
(626) 974-8403 (F)